MEMORANDUM OPINION

**Jack Eugene MADEWELL, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–15977.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1971.

James M. Robertson, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Petitioner, Jack Eugene Madewell, was granted an appeal out of time and appeals by petition for Writ of Certiorari from a conviction on a plea of guilty for Second Degree Burglary, After Former Conviction of a Felony. On April 5, 1968, petitioner entered his plea of guilty in the District Court of Tulsa County, case number 23,-074, admitted that he committed the crime, and admitted the two former convictions alleged in the information. At the hearing, had before the late Honorable W. Lee Johnson, petitioner's rights were explained to him and the judge inquired personally of petitioner concerning the matters under consideration; petitioner was represented by privately retained counsel, Mr. John Harris of Tulsa, Oklahoma. After petitioner entered his plea of guilty, he waived his statutory right to delay prior to imposition of sentence and the court imposed judgment and sentence, sentencing petitioner to serve twelve (12) years confinement under the direction and control of the State Department of Corrections.

The court explained petitioner's right to appeal and specifically inquired if he desired to withdraw his plea of guilty, to which petitioner stated he did not desire to withdraw his plea. Petitioner served his notice of intention to appeal and the court instructed him to file his motion for new trial and ordered that he be retained in the County Jail for ten (10) days prior to being transferred to the State Penitentiary, and bail was set which petitioner was unable to post. After ten (10) days he was transferred to the State Penitentiary.

Prior to entering his plea of guilty herein, petitioner was placed in the Hillcrest Medical Center in Tulsa, Oklahoma, to undergo treatment for carcinoma of the lower lip. At the conclusion of the course of medical treatment, petitioner entered his plea to this charge and was sent to the State Penitentiary. Petitioner was thereafter granted an appeal out of time, and the Writ of Certiorari was entered direct-

ing the District Court to certify the transcript of conviction and sentencing to this Court for consideration.

■■■ After considering the transcript we are of the opinion the Writ of Certiorari was improvidently entered. This Court has held that when a defendant freely and voluntarily enters a plea of guilty to the charge confronting him, and does not thereafter seek to withdraw his plea of guilty, he preserves nothing for this Court to review on appeal. See: Seibert v. State, Okl.Cr., 457 P.2d 790 (1969). In this case, petitioner specifically declined to withdraw his plea of guilty to the charge of Second Degree Burglary, After Former Conviction of a Felony.

The judgment and sentence of the District Court of Tulsa County, Oklahoma, in case number 23,074 is therefore affirmed.

BUSSEY, P. J., concurs.