Steven Glenn **MADDOX**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17263.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

James I. Maxwell, Enid, for appellant.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Ray Parks, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Steven Glenn Maddox hereinafter referred to as defendant, entered a plea of guilty in the District Court of Garfield County, Oklahoma for the offense of Sale of Marijuana, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, an appeal has been perfected to this Court.

The defendant asserts three propositions, none of which we deem to contain sufficient merit to warrant a detailed discussion of the same. The defendant complains that the arresting officers failed to inform him of his constitutional rights to remain silent and to obtain an attorney and further that the undercover agents entrapped him into committing the offense. In Seibert v. State, Okl.Cr., 457 P.2d 790, we stated:

> "Defendant who freely and voluntarily enters guilty plea with full knowledge of the nature and consequences thereof, and who does not thereafter seek to withdraw such pleas, he preserves nothing for review on appeal."

The record reflects that on June 14, 1971, the defendant appeared with his attorney, signed a written waiver of his constitutional rights and entered a plea of guilty. The sentencing was set for June 2, 1971. On June 22nd, the defendant appeared again with his attorney and his parents, reaffirmed his waiver of his constitutional rights and reentered the plea of guilty. The de-

fendant requested a presentence report. On August 4, 1971, after receipt of the presentence report and after hearing the presentation by both sides, the court sentenced the defendant to ten (10) years imprisonment. The defendant did not thereafter seek to withdraw his plea of guilty.

■ The defendant's final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law. We further observe that the trial court reflected its compassion toward the defendant by stating that he did not intend to entertain a revocation of defendant's prior five (5) year suspended sentence. The judgment and sentence is accordingly affirmed.

BLISS and BRETT, JJ., concur.