2004 OK CR 26

Jimmy Lee TIDMORE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–2003–286.

Court of Criminal Appeals of Oklahoma.

July 15, 2004.

John K. Bounds, Hugo, OK, Trial Attorney for Defendant at Trial.

Gerald L. Gibbs, Broken Bow, OK, Sentencing Attorney for Defendant at Trial.

Virginia Sanders, District Attorney, Idabel, OK, Attorney for State at Trial.

Kimberly D. Heinze, Appellate Defense Counsel, Norman, OK, Attorney for Petitioner on Appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Kellye Bates, Assistant Attorney General, Oklahoma City, OK, Attorneys for Respondent on Appeal.

### SUMMARY OPINION

CHAPEL, Judge.

¶ 1 Jimmy Lee Tidmore was tried by jury and convicted of Count I, Endeavoring to Manufacture a Controlled Substance in violation of 63 O.S.2001, § 2–408; Count II, Possession of Controlled Substance (Methamphetamine) in violation of 63 O.S.2001, § 2–402; Count III, Unlawful Use of a Police Scanner in violation of 21 O.S.2001, § 1214; and Count IV, Feloniously Pointing a Weapon in violation of 21 O.S.2001, § 1289.16, in the District Court of McCurtain County, Case No. CF–2001–348. In accordance with the jury's recommendation the Honorable Willard Driesel sentenced Tidmore to ten (10) years imprisonment and a $50,000 fine (Count I); five (5) years imprisonment (Count II); one (1) year imprisonment (Count III); and three (3) years imprisonment (Count IV). Tidmore appeals from these convictions and sentences.

¶ 2 Tidmore raises six propositions of error in support of his appeal:

I. Instructional error left Tidmore's jury without proper guidance on lesser offenses, denying Tidmore a fair trial;

II. Improper restriction on impeachment of a key prosecution witness for bias and prejudice denied Tidmore a fair trial;

III. The State's evidence was insufficient to support Tidmore's conviction for unlawful use of a police frequency radio;

IV. Tidmore's conviction for endeavoring to manufacture must be reversed because the statute is overly broad and void for vagueness;

V. Execution of the search warrant exceeded the scope of the warrant, turning it into an illegal general warrant; therefore, the resulting evidence should have been suppressed; and

VI. The cumulative effect of all the errors addressed above deprived Tidmore of a fair trial.

■ ¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, and briefs, we find that neither reversal nor modification is required by the law and evidence.

In Proposition I we find the evidence did not support instructions on reckless handling of a firearm or pointing a weapon as a misdemeanor.[1] In Proposition II we find the trial court did not err in limiting cross-examination on an inadmissible deferred sentence, where the record did not support Tidmore's claim that the deferred sentence was central to a witness's bias against him.[2] We find in Proposition III that any rational trier of fact could find beyond a reasonable doubt that Tidmore was unlawfully operating a police scanner while endeavoring to manufacture methamphetamine.[3] We find in Proposition V that the search did not exceed the scope of the warrant, and the trial court did not err in admitting the evidence seized during the search.[4] We find in Proposition VI that as there is no accumulation of error, there is no relief for cumulative error.[5]

■ ¶ 4 We address Proposition IV more fully. Tidmore claims that the criminal prohibition against "endeavoring to manufacture" methamphetamine is vague and does not apprise him of his conduct which is alleged to be unlawful. Tidmore suggests that endeavoring to manufacture is equivalent to an attempt to commit a crime. On the contrary, the statutory language indicates the Legislature was aware of the difference be-

---

1. While the trial court should instruct on lesser included offenses supported by the evidence, *Shrum v. State*, 1999 OK CR 41, 991 P.2d 1032, 1036, the evidence was that Tidmore deliberately pointed a loaded gun at two persons, intending to threaten them (either because he did not realize they were police officers or because he was responding to the officers' presence in his home). For this reason, Tidmore's claim that trial counsel was ineffective for failing to provide the misdemeanor cite fails. The offense of misdemeanor pointing a weapon is found at 21 O.S.2001, § 1279.

2. *Livingston v. State*, 1995 OK CR 68, 907 P.2d 1088, 1092–93; *Cline v. State*, 1989 OK CR 69, 782 P.2d 399, 401. The witness testified *in camera* that law enforcement officers never pressured her to give evidence against Tidmore.

3. *Easlick v. State*, 2004 OK CR 21, 90 P.3d 556 (adopting unified standard for direct and circumstantial evidence). I continue to believe that circumstantial evidence should be reviewed under the reasonable hypothesis standard, but apply the unified test under *stare decisis*. I note

that I would also find the evidence sufficient to convict Tidmore using the reasonable hypothesis test. The scanner was in Tidmore's home, belonged to him, was on, and was capable of receiving the sheriff's frequency. Operating a scanner does not require constant manual control. *Davenport v. State*, 1973 OK CR 271, 510 P.2d 988, 991.

4. *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971); *Moore v. State*, 1990 OK CR 5, 788 P.2d 387, 396, *cert. denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 182. This Court has often disapproved the use of a "general warrant". *See, e.g., Kinsey v. State*, 1979 OK CR 122, 602 P.2d 240, 242–243. However, the warrant here on its face specifically described and authorized a search of Tidmore's residence. *United States v. Simpson*, 152 F.3d 1241, 1247–48 (10th Cir.1998).

5. *Alverson v. State*, 1999 OK CR 21, 983 P.2d 498, 520, *cert. denied*, 528 U.S. 1089, 120 S.Ct. 820, 145 L.Ed.2d 690 (2000).

tween an attempt, as traditionally defined in criminal law, and endeavoring, and intended to criminalize both actions where methamphetamine is concerned. To find otherwise would violate the principle of elementary statutory interpretation requiring the Court to avoid any construction rendering any part of either statute superfluous or useless.[6] The endeavoring statute is completely separate from the general statute defining attempt, and there is no requirement of an overt act to complete the crime. This offense is clearly defined and a person of ordinary intelligence would know what is prohibited.[7]

■ ¶5 Tidmore claims, without citation to authority, that § 2–408 is vague because it does not specify the mental state necessary to commit the crime of endeavoring to manufacture. This makes no sense. The endeavoring statute specifically refers to the panoply of offenses codified in the Uniform Controlled Dangerous Substances Act. The relevant criminal acts prohibited in that Act accurately define the elements of those offenses, including any necessary mental state.

■ ¶6 Tidmore also complains that his jury instruction inaccurately defined "endeavor." Tidmore's jury was instructed, in accordance with Black's Law Dictionary, that endeavoring meant "to exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort." We contrast this with the current jury instruction defining "endeavoring" as "any effort to do or accomplish the evil purpose that the law was enacted to prevent."[8] Both definitions refer to a purpose; while the OUJI is more explicit, the trial court's definition, in context, could only be referring to the purpose to manufacture methamphetamine, which is prohibited by law. In fact, the more restrictive definition given to Tidmore's jury arguably benefited him.

## Decision

¶7 The Judgments and Sentences of the District Court are **AFFIRMED.**

JOHNSON, P.J., LILE, V.P.J., LUMPKIN, J., and STRUBHAR, J., concur.

6. *Byrd v. Caswell*, 2001 OK CR 29, 34 P.3d 647, 648–49.

7. *Westfall v. State*, No. F–2002–1274 (Okl.Cr. Oct. 21, 2003) (not for publication); *Gorrell v. State*, No. F–2000–483, slip op. at 4 n. 7 (Okl.Cr. Dec. 3, 2001) (not for publication); *Henry v. State*, No. F–2000–762, slip op. at 2 n. 4 (Okl.Cr. August 14, 2001) (not for publication).

8. OUJI–CR (2nd)(Supp.2003) 6–16.