2005 OK CR 7

WHIRLPOOL CORPORATION, Ramsey Winch, Inc., Auto Crane Company, Williams Companies, Inc., Conocophillips, Norris, DP Manufacturing, Inc., Tulsa Winch, Inc., and Nordam Group, Inc., Appellants

v.

C. Brad HENRY and W.A. Edmondson, Appellees.

No. CQ–2005–205.

Court of Criminal Appeals of Oklahoma.

March 28, 2005.

*OPINION ANSWERING CERTIFIED QUESTION OF LAW*

CHAPEL, Presiding Judge.

¶ 1 The Honorable Sven Erik Holmes, formerly Chief Judge for the United States District Court for the Northern District of Oklahoma, certified the following question pursuant to the Revised Uniform Certification of Questions of Law Act: [1]

> Whether 21 O.S.Supp.2004, § 1289.7a or 21 O.S.Supp.2004, § 1290.22(B) (relating to the prohibition against establishing any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in

---

1. 20 O.S.2001, § 1602.

a locked vehicle on any property set aside for any vehicle) is a criminal statute, the violation of which may subject a violator to criminal misdemeanor sanctions or punishment under the laws of the State of Oklahoma?

## FACTS

¶2 On March 31, 2004, Governor Brad Henry signed into law H.B. 2122, amending the Oklahoma Firearms Act and the Oklahoma Self–Defense Act. The new sections of law became effective November 1, 2004, and provided:

> No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.[2]

¶3 Plaintiffs in this federal civil case are corporations conducting business in Oklahoma. These corporations own physical facilities in Oklahoma, including parking lots and parking spaces. Employees park their personal vehicles in these lots during working hours. The lots may also be used by customers, vendors and guests of the corporations. Plaintiffs have established and implemented policies prohibiting the possession of firearms anywhere on company property, including inside vehicles parked in company parking lots. On October 27, 2004, Plaintiffs filed a civil suit in federal district court claiming §§ 1289.7a and 1290.22(B) were unconstitutional. Plaintiffs sought injunctive relief, and asked the federal district court to restrain the defendants, Oklahoma's Governor and Attorney General, from enforcing the statutes against them. On December 20, 2004, the Federal District Court for the Northern District of Oklahoma certified this question of law to this Court.[3]

## QUESTION ANSWERED

¶4 The Federal District Court for the Northern District of Oklahoma has asked this Court to determine whether 21 O.S.Supp.2004, § 1289.7a or 21 O.S.Supp. 2004, § 1290.22(B) is a criminal statute subjecting a violator to misdemeanor sanctions or punishment under Oklahoma law. Only the Legislature may define what constitutes a crime in Oklahoma.[4] "[T]he fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute."[5] In doing so, we interpret the statutory language as a whole, avoiding any construction which would render any part of the statute superfluous.[6] We look at the plain meaning of the statutory language.[7] While the statutory language is of primary importance in ascertaining legislative intent, we may also look at the legislative summary of an act's purpose and its title, as well as its placement in the body of laws.[8] However, the title of an act is only an aid to interpretation.[9]

---

2. 21 O.S.Supp.2004, §§ 1289.7a, 1290.22(B); H.B. 2122.

3. This Certified Question was filed in the Oklahoma Supreme Court on January 14, 2005. An Oklahoma Supreme Court Order dated that same day set a briefing schedule, and initial briefs were filed in that Court on February 10, 2005. On March 1, 2005, the Oklahoma Supreme Court issued an Order noting that the Certified Question was erroneously filed in that Court, and striking the cause from that Court's docket and ordering it transferred to the Court of Criminal Appeals. The case was filed in this Court on March 1, 2005, and the parties' response briefs were filed in this Court on March 2, 2005. We deem the briefs ordered by the Supreme Court to be sufficient for our resolution of the issues.

4. 21 O.S.2001, §§ 2, 3; *Salyers v. State,* 1988 OK CR 88, 755 P.2d 97, 100; *State ex rel. Oklahoma Bar Ass'n v. Dobbs,* 2004 OK 46, 94 P.3d 31, 59.

5. *State v. Young,* 1999 OK CR 14, 989 P.2d 949, 955.

6. *Tidmore v. State,* 2004 OK CR 26, 95 P.3d 176, 178; *Byrd v. Caswell,* 2001 OK CR 29, 34 P.3d 647, 648–49; *Reupert v. State,* 1997 OK CR 65, 947 P.2d 198, 201.

7. *Byrd,* 34 P.3d at 649; *Young,* 989 P.2d at 955; *Head v. McCracken,* 2004 OK 84, 102 P.3d 670, 680; *Edmondson v. Pearce,* 2004 OK 23, 91 P.3d 605, 640, *cert. denied,* —— U.S. ——, 125 S.Ct. 495, 160 L.Ed.2d 371.

8. *Atkinson v. Halliburton Co.,* 1995 OK 104, 905 P.2d 772, 775.

9. *Mook v. City of Tulsa,* 1977 OK CR 210, 565 P.2d 1065, 1068; *Shattuck v. Grider,* 1972 OK CR 37, 493 P.2d 829, 831.

¶5 In enacting criminal laws, the Legislature has provided that an act or omission is only punishable as authorized by statute.[10] A crime is an act forbidden by law, and which may be punished upon conviction by, among other things, imprisonment or a fine.[11] If a statute prohibits performance of an act without itself imposing a penalty for violation of that prohibition, the performance of that act is a misdemeanor punishable by imprisonment in the county jail or a fine, or both.[12]

¶6 The text of H.B. 2122 states:

## HOUSE BILL NO. 2122

**An Act relating to firearms; proscribing certain persons from prohibiting the transporting and storing of firearms in locked vehicles on certain property; amending 21 O.S.2001, Section 1290.22, which relates to the Oklahoma Self–Defense Act; proscribing certain persons from prohibiting the transporting and storing of firearms in locked vehicles on certain property; providing for codification; and providing an effective date.**

## TEXT

BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA:

SECTION 1. NEW LAW A new section of law to be codified in the Oklahoma Statutes as Section 1289.7a of Title 21, unless there is created a duplication in numbering, reads as follows:

No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.

SECTION 2. AMENDATORY 21 O.S. 2001, Section 1290.22 is amended to read as follows:

Section 1290.22

## BUSINESS OWNER'S RIGHTS

A. *Except as provided in subsection B of this section, nothing* contained in any provision of the Oklahoma Self–Defense Act, Section 1290.1 et seq. of this title, shall be construed to limit, restrict or prohibit in any manner the existing rights of any person, property owner, tenant, employer, or business entity to control the possession of weapons on any property owned or controlled by the person or business entity.

B. *No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.*

SECTION 3. This act shall become effective November 1, 2004.

¶7 The plain statutory language here prohibits enumerated entities from establishing particular policies affecting firearms. That is, the plain language forbids an act. This fits squarely within the statutory definition of crime and public offense.[13] The statutory provisions are found within the Penal Code—the section of the public laws specifying classes of persons capable of committing crimes and liable for punishment, defining the nature of crimes, and prescribing the kind and nature of punishments for each.[14] The statutory language does not itself impose a punishment for performance of the forbidden acts, so the general misdemeanor statute controls, and the offense is punishable as a misdemeanor.[15] To find otherwise would render Title 21, Section 21 meaningless.[16]

10. 21 O.S.2001, § 2.

11. 21 O.S.2001, § 3.

12. 21 O.S.2001, § 21 ("Where the performance of an act is prohibited by any statute, and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor"); and 21 O.S.2001, § 10 (providing for imprisonment in the county jail not exceeding one year and/or a fine of no more than $500).

13. 21 O.S.2001, § 3.

14. 21 O.S.2001, § 7.

15. 21 O.S.2001, § 21.

¶ 8 The title of the Act states it relates to firearms and amends the Oklahoma Self-Defense Act. Both the Oklahoma Firearms Act and the Oklahoma Self-Defense Act are found within the Penal Code, suggesting that violations of those Acts are intended to be criminal in nature. The Appellees suggest that H.B. 2122 is more properly viewed as providing redress for wrongs against private individuals, rather than as providing punishment for wrongs against the community as a whole. However, both the Oklahoma Firearms Act and the Oklahoma Self-Defense Act include statements of legislative purpose finding that legislation controlling the use of firearms, and provision of statewide uniform standards controlling the ability of eligible citizens to lawfully carry firearms, is necessary as a matter of public policy to protect the health, safety, and public welfare of citizens and to deter crime.[17] Thus the Legislature explicitly determined that these Acts, which are contained within the section of laws concerning public crimes, concern protection of the community as a whole rather than individual citizens.

¶ 9 The plain language, placement, title, and statement of legislative purpose for these statutes all compel a conclusion that both are criminal statutes. We also note that the Attorney General has twice concluded that the language in H.B. 2122 is prohibitory in nature. The Attorney General has noted that, under this Act, the State Board of Corrections and Director of the Department of Corrections were prohibited from preventing persons from transporting or storing a firearm in a locked vehicle in a parking area on prison property, unless prisoners have access to the parking area.[18] The Attorney General has also found that, despite this Act's prohibition against policies banning weapons in school parking lots, school dis-

tricts are bound by other statutory provisions making it illegal for students to possess firearms on school property.[19] In doing so, the Attorney General construed the two apparently conflicting statutory provisions and found the more specific provision, concerning school property, controlled.[20] The plain language of the statutes, along with other indicators of legislative intent, show these statutes are criminal rather than civil.

¶ 10 THEREFORE, we find that 21 O.S.Supp.2004, § 1289.7a and 21 O.S.Supp. 2004, § 1290.22(B) are both criminal statutes, the violation of which may subject a violator to criminal misdemeanor sanctions or punishment under the laws of the State of Oklahoma.

LUMPKIN, V.P.J. and JOHNSON, J.: concur.

---

16. *Tidmore,* 95 P.3d at 178; *Byrd,* 34 P.3d at 648–49.

17. 21 O.S.2001, §§ 1289.2, 1290.25.

18. 2004 OK AG 38, ¶ 9. The Opinion does not suggest any individual right of action against the Board or Director of the Department of Corrections exists, should such a policy be enforced against a person.

19. 2004 OK AG 39, ¶ 10. School districts must adopt policies prohibiting firearms in locked vehicles on school property, barring certain exceptions found in 21 O.S.Supp.2004, § 1280.1(C).

20. *Id.,* ¶¶ 7, 8.