**2006 OK CR 39**

**Christina Ellen TOWNSEND, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2005–492.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 2006.

Wayne Woodyard G. Lynn Burch, Oklahoma Indigent Defense System, Norman, OK, attorneys for defendant at trial.

William N. Peterson, District Attorney, Tim Olsen, Assistant District Attorneys, Seminole County, Wewoka, OK, attorneys for State at trial.

Perry Hudson, Oklahoma City, OK, attorney for petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer L. Strickland, Assistant Attorney General, Oklahoma City, OK, attorneys for respondent on appeal.

### SUMMARY OPINION

CHAPEL, Presiding Judge.

¶ 1 Christina Ellen Townsend was tried in a bench trial and convicted of Child Neglect

(Failure to Provide Medical Care) in violation of 10 O.S.Supp.2002, § 7115, after former conviction of one felony, in the District Court of Seminole County, Case No. CF–2002–378.[1] The Honorable George Butner sentenced Townsend to thirty-five (35) years in prison, with ten (10) years suspended. Townsend appeals from this conviction and sentence.

¶ 2 Townsend raises six propositions of error in support of her appeal:

I. Townsend statutorily cannot be convicted of child neglect because she does not meet the definition of "person responsible" under Title 10;

II. The evidence presented at trial was insufficient to support Townsend's conviction for child neglect;

III. The sentence imposed was excessive;

IV. The sentence imposed was improperly enhanced by an after former conviction;

V. Trial counsel rendered ineffective assistance of counsel in failing to present additional compelling evidence which would have supported Townsend's theory that she did not willfully withhold medical assistance; and

VI. The accumulation of error in this case deprived Townsend of due process of law and a fair trial.

 ¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that neither reversal nor modification is required by the law and evidence. We find in Proposition I that Townsend was eligible for prosecution under the child neglect statute. That statute provides that "any parent or other person" may be guilty of neglect, defined as "the willful or malicious neglect, as defined by paragraph 3 of subsection B of Section 7102 of this title, of a child under eighteen (18) years of age by another." [2] Section 7102(B) states that neglect includes failure to provide medical care.[3] Another provision of Section 7102 defines persons responsible for a child's health, safety or welfare to include parents, legal guardians, and custodians.[4]

 ¶ 4 As the State notes, this does not specifically require that the defendant have any duty to care for the child in question. However, the Oklahoma Uniform Jury Instructions do include the requirement that the defendant must be "a person responsible for the child's health or safety." [5] The Committee Comments state this was included to prevent criminal liability for failure to provide food or shelter to a child the defendant had never met. This interpretation is reasonable, as it is highly unlikely the Legislature intended that result. Along with plain language, legislative intent controls statutory interpretation.[6] This Court has not confirmed this requirement for child neglect. However, interpreting the child abuse statute, the Court has held that a conviction for permitting child abuse requires a showing that the defendant was responsible for the child's health or welfare.[7] We reached this conclusion because the statutory statement of public policy for the Child Abuse Reporting and Prevention Act announces: "It is the policy of this state to provide for the protection of children who have been abused or neglected and who may be further threatened by the conduct of persons responsible for the health, safety or welfare of such

1. Townsend was acquitted of Count I, Child Abuse First Degree Murder.

2. 10 O.S.Supp.2002, § 7115.

3. 10 O.S.Supp.2002, § 7102(B)(3).

4. 10 O.S.Supp.2002, § 7102(B)(5). Other responsible parties include foster parents, persons over 18 cohabiting with the child's parents, adults living in the home, and day care and institutional employees and operators.

5. OUJI–CR (2nd) 4–37.

6. *State v. Love*, 2004 OK CR 11, 85 P.3d 849, 850 n. 5. "Intent is ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each." *Keating v. Edmondson*, 2001 OK 110, 37 P.3d 882, 886.

7. *Gilson v. State*, 2000 OK CR 14, 8 P.3d 883, 915, *cert. denied*, 532 U.S. 962, 121 S.Ct. 1496, 149 L.Ed.2d 381 (2001).

children."[8] This applies to the child neglect statute as well. The overarching statement of public purpose clearly indicates that these statutes are intended to apply to a defendant who is responsible for a child's health, safety or welfare.

¶ 5 Further, we find in Proposition I that a babysitter meets the definition of a "person responsible." Townsend argues that "custodian" must mean a legally designated person. She points to another definition in the same statute, which does not include the word "custodian," and which defines a particular course of action a Department of Human Services worker may take after finding evidence of child abuse or neglect. Townsend also points to other portions of the Oklahoma Child Abuse Reporting and Prevention Act which discuss legal custody. This is not persuasive. Taken as a whole, Section 7102 defines nineteen separate terms used throughout the Act. These terms include basic definitions, such as "child" and "neglect," more specific definitions of words or phrases, and explanations of various Department of Human Services potential actions and reports. Legal custody may be required for some of the Act's provisions, but not for others.

¶ 6 In interpreting a statute, we look first at the plain meaning of statutory language.[9] A custodian is commonly understood to be a person who has physical custody of a child for some period of time.[10] The Legislature provided in § 7115 that child neglect could be committed by any parent "or other person" with responsibility for the child. As the trial court here found, Townsend actively sought to have the child put in her care and explicitly accepted responsibility, including medical responsibility, for the child when she offered to babysit for the weekend. To find that a person who voluntarily accepts responsibility for a child, for a significant period of time, is not responsible for the child's health, safety and welfare flies in the face of common sense and basic statutory interpretation. This would render useless the provision "any other person" in § 7115, and we should avoid any construction rendering any part of either statute superfluous or useless.[11] It would also distort the plain meaning of the statutory language. The trial court did not err in finding that Townsend was a custodian under the child neglect statute.

¶ 7 We find in Proposition II that any rational trier of fact could find beyond reasonable doubt that Townsend should have sought medical care after the injuries occurred.[12] We find in Proposition III that Townsend's sentence is not excessive.[13] We find in Proposition IV that Townsend's sentence was appropriately enhanced, as the State may file a second page of the Information in capital cases where a defendant may be convicted of a non-capital lesser included

**8.** 10 O.S.Supp.2002, § 7102(A)(1).

**9.** *Whirlpool Corp. et al v. Henry*, 2005 OK CR 7, 110 P.3d 83, 84.

**10.** *Black's Law Dictionary* 347 (5th ed.1979).

**11.** *Tidmore v. State*, 2004 OK CR 26, 95 P.3d 176, 178; *Byrd v. Caswell*, 2001 OK CR 29, 34 P.3d 647, 648–49.

**12.** *Dodd v. State*, 2004 OK CR 31, 100 P.3d 1017, 1041–42. The emergency room physician, the medical examiner, the State's expert, and Townsend's expert all testified that these burns would not have been fatal with prompt medical care. Each expert also testified that any prudent person looking at the burns would have known to take the child to a doctor immediately. The pictures Townsend took of the victim shortly after the incident clearly reflect this. Townsend herself apparently worried that she should get medical help; she called a doctor friend for advice. Townsend argues that the appearance of the burns might have worsened over time. Even if this were true, the appearance of the burns in the pictures taken that afternoon and the fact that Townsend had to keep removing blistered skin support the experts' conclusions that the burns were bad enough Townsend should have sought medical help that afternoon. Townsend also argues that the combination of shock and Benadryl may have suppressed the victim's expressions of pain. This is also supported by expert testimony. However, even if the victim was not obviously in pain throughout the day, the appearance of the burns should have prompted Townsend to seek medical care.

**13.** *Rea v. State*, 2001 OK CR 28, 34 P.3d 148, 149 (reaffirming the Court's use of the "shock the conscience" standard and noting that, as with a proportionality review, such a standard requires consideration of all the facts and circumstances of the case and the defendant's background).

offense, which could be enhanced by prior convictions.[14] We find in Proposition V that counsel was not ineffective for failing to investigate or call a particular witness in addition to the expert witness counsel did use.[15] Townsend's Motion for Evidentiary Hearing on this issue is denied.[16] We find in Proposition VI that no cumulative error requires relief.[17]

## Decision

¶ 8 The Judgment and Sentence of the District Court is **AFFIRMED.** Townsend's Motion for Evidentiary Hearing is **DENIED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, A. JOHNSON, and LEWIS, JJ.: concur.

LUMPKIN, V.P.J. concur in results.

LUMPKIN, V.P.J., Concur in Result.

¶ 1 I agree Appellant is eligible for prosecution, but I cannot agree with the Court's statutory interpretation. "[H]ighly unlikely the Legislature intended that result" is not a legal standard.

¶ 2 In this case, there is no legislative history, so we are bound only to apply the plain language of the statute. That being so, the use of 10 O.S.2001, § 7102(A)(1) is proper for interpreting the statutory language.

¶ 3 I would also note that the opinion misstates the specific holding of *Rea v. State,* 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149, by use of a paraphrase. Nevertheless, this Court has repeatedly and clearly stated that we do not conduct "proportionality review."

---

**14.** *Fairchild v. State,* 1999 OK CR 49, 998 P.2d 611, 616; *Seibert v. State,* 1969 OK CR 205, 457 P.2d 790, 794. The amendment to 21 O.S.Supp. 2002, § 51.1(A), does not affect this interpretation. A death sentence is not an "enhanced" sentence under the capital punishment statutes. 21 O.S.2001, § 701.7; *Torres v. State,* 2002 OK CR 35, 58 P.3d 214, 216.

**15.** *Hooks v. State,* 2001 OK CR 1, 19 P.3d 294, 317, *cert. denied,* 534 U.S. 963, 122 S.Ct. 371, 151 L.Ed.2d 282; *Wiggins v. Smith,* 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Townsend fails to show how she was prejudiced by counsel's failure to find or call a retired physician with no particular expertise in burns. *Williams v. Taylor,* 529 U.S. 362, 393, 120 S.Ct. 1495, 1513, 146 L.Ed.2d 389 (2000) (defendant prejudiced where counsel's actions deny him a substantive or procedural right to which he is entitled by law); *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Hooks,* 19 P.3d at 317; *Alverson v. State,* 1999 OK CR 21, 983 P.2d 498, 510, *cert. denied,* 528 U.S. 1089, 120 S.Ct. 820, 145 L.Ed.2d 690 (2000).

**16.** Rule 3.11(B), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2006).

**17.** *Alverson,* 983 P.2d 498, 520.