2016 OK CR 7

STATE of Oklahoma, Appellant,

v.

Reba J. VINCENT, Appellee.

No. S–2015–0652.

Court of Criminal Appeals of Oklahoma.

March 23, 2016.

Christina A. Burns, Adam Scharn, Assistant District Attorneys, Pittsburg County District Attorney's Office, MCalester, OK, counsel for state at trial and appeal.

J. Michael Miller, MCalester, OK, counsel for defendant at trial and appeal.

## OPINION

LUMPKIN, Vice Presiding Judge.

¶ 1 Appellee, Reba J. Vincent, was charged in Pittsburg County District Court Case No. CF–2014–853, with Count 1—Child Neglect, 21 O.S.Supp.2014, § 843.5(C), a felony; Count 2—Driving a Motor Vehicle While Under the Influence of Alcohol Aggravated, 47 O.S.Supp.2013, § 11–902(D), a misdemeanor; and Count 3—Transporting Opened Container of Beer, 21 O.S.2011, § 1220, a misdemeanor. The Magistrate, the Honorable Matthew T. Sheets, sustained Appellee's demurrer to the evidence as to Count 1—Child Neglect. The State appealed the ruling to the District Court. Following a hearing August 6, 2015, the Honorable Darrell G. Shepherd, District Judge, affirmed the ruling of the Magistrate. From this adverse ruling, the State appeals to this Court pursuant to 22 O.S.2011, § 1089.7.

¶ 2 The appeal was automatically assigned to the Accelerated Docket of this Court. *See* Rule 11.2(A)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2015). Oral argument was held on February 18, 2016. *See* Rule 11.2(E). On appeal, Appellant raises the following propositions of error:

1. The State of Oklahoma presented sufficient evidence to show probable cause that the Defendant committed the crime of Child Neglect, as defined by Oklahoma Law; and,

2. Should the Court find that the State has not met its burden in showing that the Defendant committed the [crime] of Child Neglect, the Court should bind over on a finding that she committed the [crime] of Child Abuse, or—

in the alternative—Child Endangerment.

The State argues that sufficient evidence was presented to show that a crime was committed by Appellee. As set forth below, we agree.

¶ 3 The appeal record reflects that on December 26, 2014, Appellee was the driver of a vehicle that also held an adult passenger, a one or two year old child and two dogs. Appellee was stopped for a traffic violation. The police officers testifying at the Preliminary Hearing reported Appellee had slurred speech, bloodshot eyes and an odor coming from her that resembled an alcoholic beverage. They testified that Appellee's vehicle was thought to have been involved in a hit and run accident prior to being stopped for the traffic violation. At a subsequent breathalyzer test, Appellee registered ".17".

¶ 4 The Magistrate found the State offered no evidence to show that Appellee was related to the child; specifically, that there was no evidence that she was a parent, guardian, or person having control or custody of the child in the back seat of the vehicle as defined by Title 10A. He found that the only person the State proved to have a relationship with the child was the passenger who was identified as the child's father. The Magistrate concluded that the State failed to produce probable cause that the crimes of Child Neglect or Child Abuse were committed by Appellee. The Magistrate also concluded that the State produced no evidence of the crime of Child Endangerment because it failed to establish any relationship of the child to Appellee.

■ ¶ 5 The purpose of the preliminary hearing is to establish probable cause that a crime was committed and probable cause that the defendant committed the crime. 22 O.S.2011, § 258(8). The standard of review, set out in 22 O.S.2011, § 1089.5, is "whether the evidence, taken in the light most favorable to the State, is sufficient to find that a felony crime has been committed and that

the defendant probably committed said crime." Absent an abuse of discretion in reaching that determination, the magistrate's ruling will remain undisturbed. *State v. Weese*, 1981 OK CR 19, ¶ 4, 625 P.2d 118, 119.

¶ 6 The confusion in this matter likely stems from this Court's decisions in *Townsend v. State*, 2006 OK CR 39, 144 P.3d 170, and *Cox v. State*, 2006 OK CR 51, 152 P.3d 244. The Court in *Townsend* held that a child neglect conviction requires a showing that the defendant was a person responsible for the child victim's "health, safety or welfare." *Townsend*, 2006 OK CR 39, ¶ 4, 144 P.3d 170, 171–172. The Court reached this conclusion to preclude the then-existing child neglect statute [1] from being applied in a manner the Legislature clearly did not intend. *Id.* The Court in *Cox* likewise found that an essential element of the then-existing child sexual abuse statute [2] was proof that the defendant was a person responsible for the "child's health, safety, or welfare." *Cox v. State*, 2006 OK CR 51, ¶ 24, 152 P.3d 244, 253.

¶ 7 The Court's analyses in *Cox* and *Townsend*, however, have been rendered obsolete by a series of subsequent legislative enactments, or amendments, to the child neglect and child abuse statutes contained within Titles 10 and 21. Thus, this Court need only refer to the present-day language of 21 O.S.Supp.2014, § 843, and 21 O.S.2011, § 852.1—which governs the present case—in order to resolve the issues contained herein.[3]

■ ¶ 8 "Child Neglect," 21 O.S.Supp. 2014, § 843.5(C), requires evidence of willful or malicious neglect by any parent "or other person" and references the definition of "Child Neglect" in 10A O.S.Supp.2012, § 1–1–105(47)(b)(2), as "the failure or omission to protect a child from exposure to ... illegal activities ...". Driving a vehicle while intoxicated is an "illegal activity". The trial court's conclusion that the presence of the child's father in the vehicle somehow abro-

1. 10 O.S.Supp.2002, § 7115.

2. 10 O.S.Supp.2002, § 7115(E).

3. The statutes in question have been amended several times in recent years and moved from Title 21 to Title 10A and back, creating confusion for both courts and attorneys.

gated Appellee's responsibilities to protect the child is misplaced. This statute was intended to apply to a defendant who is responsible for a child's safety. *See Townsend v. State,* 2006 OK CR 39, ¶ 4, 144 P.3d 170, 171–172. The fact that Appellee was not the child's parent is irrelevant to the charge filed here. The State presented sufficient evidence proving that Appellee, an "other person," was in control of the vehicle. She was intoxicated and driving the vehicle with a child in the back seat.

¶ 9 Likewise, the trial court's analyses of the charges of "Child Endangerment" and "Child Abuse" as applied to the facts presented in this record are erroneous. "Child Endangerment," 21 O.S.2011, § 852.1(A), is found when "[a] person who is the parent, guardian, *or person having custody or control over a child* ... (3) [k]nowingly permits a child to be present in a vehicle when the person knows or should have known that the operator of the vehicle is impaired by or is under the influence of alcohol or another intoxicating substance; **or** (4) *[i]s the driver, operator, or person in physical control of a vehicle* in violation of Section 11–902 of Title 47 of the Oklahoma Statutes while transporting or having in the vehicle such child or children." (emphasis added.) As the driver, Appellee was transporting the child while intoxicated, as defined by the statute.

¶ 10 Moreover, we have previously addressed persons liable under Section 852.1, Child Endangerment, as "any person having custody or control would include one standing in the place of the parent or guardian, i.e., *in loco parentis* to the child" but, additionally, we found that the Legislature intended "a person having custody or control" to be interpreted "as they are commonly understood." *Oxley v. State,* 1997 OK CR 32, ¶ 9, 941 P.2d 520, 523. Child Endangerment can be committed by a person who is the parent of the child, or is the guardian of the child, or one standing in the place of the parent or guardian, or can be any person having control over a child. Having "control" over a child would include any driver, operator, or person in physical control of a vehicle who is under the influence of alcohol or other intoxicating substance while trans-

porting or having a child or children in the vehicle. *See* 21 O.S.2011, § 852.1(A)(4).

¶ 11 Turning finally to the offense of Child Abuse, pursuant to 21 O.S.Supp.2014, § 843.5(A), Child Abuse can be committed by "[a]ny parent *or other person.*" (emphasis added.) It is defined in Sec. 843.5(A) as "the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child under eighteen (18) years of age by another ...". Appellee clearly falls into this category.

¶ 12 Thus, from the facts presented in this case, we find the trial court abused its discretion in sustaining Appellee's demurrer. Sufficient evidence, taken in the light most favorable to the State, has been presented to show that a felony crime has been committed. This Court's previous decisions in *Townsend* and *Cox,* to the extent inconsistent with this opinion, are overruled.

### DECISION

¶ 13 The order of the District Court of Pittsburg County sustaining Appellee's demurrer to the evidence is **REVERSED** and **REMANDED** to the Magistrate for further proceedings consistent with this opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2016), the **MANDATE is ORDERED** issued upon the filing of this decision.

SMITH, P.J., JOHNSON, LEWIS and HUDSON, JJ.: concur.