**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**August 5, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

TIMOTHY MCHUGH,

    Petitioner - Appellant,

v.

CHRISTE QUICK,

    Respondent - Appellee.

No. 24-6017
(D.C. No. 5:23-CV-00949-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Timothy McHugh, a state prisoner proceeding pro se, seeks a certificate

of appealability to appeal the district court's order dismissing his petition under

28 U.S.C. § 2254.[1] McHugh also seeks to proceed in forma pauperis (IFP) on

appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253, we deny

McHugh a COA and deny his IFP motion.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because McHugh proceeds pro se, we liberally construe his arguments,
but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972,
975 (10th Cir. 2009).

## BACKGROUND

In July 2020, McHugh pleaded guilty to two felonies that he had committed in May 2018: (1) trafficking in illegal drugs, in violation of Okla. Stat. tit. 63, § 2-415(B); and (2) child neglect, in violation of Okla. Stat. tit. 21, § 843.5(C).[2] He was sentenced to ten years' imprisonment on each count. McHugh appealed neither his convictions nor his sentence.

In December 2022, McHugh applied for state-postconviction relief, seeking an appeal out of time. *See* Okla. Ct. Crim. App. R. 2.1(E). The state court denied McHugh's application, and though McHugh appealed, the state appellate court dismissed his appeal for lack of jurisdiction.

McHugh then filed his § 2254 petition in federal district court, advancing two claims: ineffective assistance of counsel and actual innocence.[3] A magistrate judge screened his petition, determining that McHugh had filed his § 2254 petition more than one year after his conviction became final.

---

[2] We draw these facts from the Judgment and Sentence in McHugh's underlying state case. *See* Judgment and Sentence at 1, *Oklahoma v. McHugh*, No. CF-2018-00019 (Jefferson Cnty. Dct. Ct. July 20, 2020); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[3] McHugh advanced his actual-innocence claim as a freestanding claim. But "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

2

Considering whether any exceptions applied, the magistrate judge noted that McHugh "ha[d] made no allegation that he is actually innocent." R. at 31. Thus, the magistrate judge recommended that his petition be dismissed as untimely.

McHugh objected only to the magistrate judge's recommendation that he had not advanced an actual-innocence claim. Considering the objection and reviewing de novo McHugh's actual-innocence claim, the district court ruled that he had presented "no new evidence persuasively supporting his claim of actual innocence." R. at 39. Thus, the district court concluded that the actual-innocence exception didn't apply and dismissed McHugh's petition.

## STANDARD OF REVIEW

McHugh must obtain a COA to appeal the district court's ruling. To do so, he must show that "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

McHugh does not contest that he procedurally defaulted his claims, rather he contends that his default should be excused because he is actually innocent of child neglect. The actual-innocence exception "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (cleaned up). To

state a credible claim of actual innocence, McHugh must advance "new reliable evidence." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

McHugh does not advance "new reliable evidence" to prove his innocence. *See id.* Instead, he contends that he is actually innocent of child neglect because, according to him, the Oklahoma statute applies only to persons responsible for the child, such as a parent, guardian, or an adult residing with the child. And he alleges that at the time of the offense he was not a person responsible for a child.[4] But he builds his argument on a wrong version of the Oklahoma statute and outdated caselaw. In 2018, when McHugh committed child neglect, the statute prohibited "[a]ny parent *or other person*" from "willfully or maliciously engag[ing] in child neglect." Okla. Stat. tit. 21, § 843.5(C) (2018) (emphasis added). Under that version, a defendant need not meet the definition of a "person responsible" for the child, such as be the parent or guardian of the child. *State v. Vincent*, 371 P.3d 1127, 1129 (Okla. Ct. Crim. App. 2016); *see id.* at 1130 ("The fact that Appellee was not the child's

---

[4] The current version of the statute prohibits "[a]ny person responsible for the health, safety or welfare of a child" from "willfully or maliciously engag[ing] in child neglect." Okla. Stat. tit. 21, § 843.5(C). And the statute provides a non-exhaustive definition for a "[p]erson responsible for a child's health, safety or welfare," which includes parents, guardians, and adults residing with the child. *See id.* § 843.5(O)(12).

To show that he was not such a person responsible, he alleges that a protective order was in place barring his access to the child. But that protective order was dismissed four days before the offense.

parent is irrelevant to [§ 843.5(C)]. The State presented sufficient evidence proving that Appellee, an 'other person,' was in control of the vehicle. She was intoxicated and driving . . . with a child in the backseat."). Thus, McHugh has not shown that he is actually innocent of child neglect, and reasonable jurists would not debate the district court's ruling.

McHugh requests to proceed IFP on appeal. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Because McHugh hasn't raised a nonfrivolous argument, we deny his IFP motion.

## CONCLUSION

For all these reasons, we deny McHugh a COA, deny his IFP motion, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5