**F I L E D**

. **UNITED STATES COURT OF APPEALS**

**May 3, 2007**

**TENTH CIRCUIT**

DAVID E. ROBISON,

Petitioner-Appellant,

v.

RON WARD,

Respondent-Appellee.

No. 06-7121

Eastern District of Oklahoma

(D.C. No. CIV-03-578-RAW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

David E. Robison, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Robison has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## I. Background

Law enforcement suspected Mr. Robison of manufacturing methamphetamine after Ron Ryals, a loss-prevention employee at the Wal-Mart in

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Okmulgee, Oklahoma, noticed him placing eight bottles of peroxide, several gallons of acetone, and two cases of HEET gas treatment into his shopping cart on April 21, 2000. Mr. Ryals immediately notified Officer Mike Randol, a member of the district attorney's drug task force, of Mr. Robison's suspicious behavior. Officer Randol arrived at the store several minutes after the phone call and observed Mr. Ryals purchasing various items commonly used in the production of methamphetamine. After Mr. Ryals left the store, Officer Randol followed his brown pickup truck to a Git-n-Go convenience store and watched with binoculars as Robison exited the establishment with another three bottles of HEET gas treatment. Officer Randol then followed Mr. Robison to the residence of co-defendant John McClusky and observed him carry the items into the house.

After several weeks of surveillance, Officer Randol obtained a search warrant for the McClusky home. The search on April 27, 2000, turned up various accouterments of methamphetamine production, as well as several syringes containing methamphetamine. Officers arrested Mr. McClusky and Tara Wagner, both residents of the house, for manufacturing methamphetamine. Mr. Robison, who arrived at the home at the time of the arrest, was later added as a co-defendant.

Prior to trial Mr. Ryals realized that he knew Mr. Robison but had not recognized him at Wal-Mart due to his squalid appearance. At trial both Mr. Ryals and Officer Randol testified regarding Mr. Robison's Wal-Mart and Git-n-

Go shopping activities. In addition to the testimony of Ryals and Randol, co-defendants McClaskey and Wagner testified that Mr. Robison often obtained the precursor chemicals for methamphetamine production on their behalf. In return for his services, Mr. Robison received some of the product, which he used or distributed. As a defense, Mr. Robison claimed that Officer Randol either was mistaken or lied about identifying Mr. Robison as the Wal-Mart shopper. He also claimed that while he sometimes purchased food items for Mr. McClaskey at Wal-Mart, he had never purchased anything used to manufacture methamphetamine. A jury convicted Mr. Robison of endeavoring to manufacture methamphetamine in violation of Okla. Stat. tit. 63, § 2-408 (1971).

Mr. Robison sets forth the following grounds for relief:

1.      The indentification [sic] of Mr. Robison by Ronnie Ryals should have been suppressed because it was so tainted by suggestiveness and conduciveness to misidentification that [petitioner's] due process rights were violated. . . .

2.      The trial court committed plain and highly prejudicial error in failing sua sponte to instruct the jury on the extremely careful scrutiny required in considering the issue of eyewitness identifaction [sic] where misidentification was an essential part of Mr. Robinson's [sic] defense. . . .

3.      The jury instructions were fatally defective because they failed to inform the jury of all of the elements of the crime. . . .

4.      The prosecutor injected unfairness into the trial by presenting improper rebuttal testimony, arguing facts not in evidence, and asking the jury to penalize Mr. Robison for exercising his constitutional right to a jury trial. . . .

5. The jury should have been instructed that seven years imprisionment [sic], rather than twenty years imprisonment, was the minimum for the crime. . . .

6. Considering the entire record, Mr. Robison's lack of a prior record, and the sentence given to his more culpable co-defendant, the sentence imposed was excessive. . . .

7. Failure to move for suppression of the identification of Mr. Robison by Ronnie Ryals, to request an instruction on eye witness testimony, and to object to an incomplete instruction of the elements of the offense charged constituted ineffective assistance of counsel. . . .

8. The trial errors cumulatively deprived Mr. Robison of a fair trial and reliable verdict.

Appellant's Br. 5-21.

## II. Discussion

A habeas petitioner may appeal the denial of his 28 U.S.C. § 2254 motion only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA is appropriate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists could not differ regarding each of the eight issues raised by Mr. Robison, we DENY his request for COA.

-4-

## A.      Eyewitness Testimony (Ground 1)

Mr. Robison challenges the admission of Mr. Ryals's eyewitness testimony because Mr. Ryals did not recognize the defendant at the time he observed him at Wal-Mart, and only realized he knew the defendant after receiving the subpoena for trial.  At trial, Mr. Ryals identified Mr. Robison as the shopper he saw purchasing methamphetamine precursors that day in April.

A trial court's admission of eyewitness identification violates a defendant's right to due process only when the procedure by which the witness identifies the defendant "is so unnecessarily suggestive that it is 'conducive to irreparable mistaken identification.'" *Grubbs v. Hannigan*, 982 F.2d 1483, 1490 (10th Cir. 1993) (quoting *Kirby v. Illinois*, 406 U.S. 682, 691 (1972)).  For instance, courts have found eyewitness-identification procedures unnecessarily suggestive when a witness is asked to pick the suspect out of a lineup or photo array of individuals with strikingly different characteristics.  *Id.*  If the court finds the procedure unnecessarily suggestive, it then considers whether under the totality of the circumstances the identification was reliable.  *Id.* at 1489-90.  The court considers several factors to determine the reliability of eyewitness testimony, including the witness's ability to view the accused at the time of the crime, "the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time

between the crime and the confrontation." *Id.* (quoting *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)).

In this case, Mr. Ryals realized that Mr. Robison was the Wal-Mart shopper after he saw Mr. Robison's name on a subpoena that neither contained Robison's picture nor identified him as the Wal-Mart shopper. This procedure was not unnecessarily suggestive—indeed, it was not suggestive at all within the meaning of our case law. Consequently, it did not violate Mr. Robison's constitutional right to due process. Even if it were suggestive, Mr. Ryals's testimony was reliable given the totality of the circumstances. Ryals observed Mr. Robison shopping for at least several minutes, during which time he closely followed Mr. Robison's actions. Though Ryals did not identify Mr. Robison until more than a year after his observations, he expressed absolute certainty that Mr. Robison was the man he observed in Wal-Mart. Because the identification procedure was not suggestive and Mr. Ryals's eyewitness testimony was reliable, the district court did not err in admitting the testimony.

## B.    Jury Instructions (Grounds 2, 3, and 5)

Mr. Robison contends that the court should have issued *sua sponte* a cautionary jury instruction regarding eyewitness testimony. He also claims that the court should have instructed the jury that, in order to convict, it must find both a specific intent to manufacture methamphetamine and an overt act in

furtherance of that crime. Finally, he argues that the jury should have been instructed that the minimum sentence for his offense was seven rather than twenty years because the legislature changed the minimum sentence prior to his trial. Mr. Robison did not object to any of these instructions at trial. The Oklahoma Court of Criminal Appeals (OCCA) upheld the instructions under plain error review.

A state court's interpretation of a state statute "is a matter of state law binding on this court." *Parker v. Scott*, 394 F.3d 1302, 1319 (10th Cir. 2005) (internal quotations omitted). We will not employ the writ of habeas corpus to set aside a state conviction "on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Shaffer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990) (internal quotations omitted). When determining whether a jury instruction has rendered a trial fundamentally unfair, the question is not "whether the [challenged] instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotations omitted). Here, *Nguyen*'s already high bar is even higher, because the defendant failed to object to the instructions at trial.

The OCCA determined that the jury instructions outlining the elements of the offense and the sentencing requirements complied with state law. We are bound by the OCCA's interpretation of the Oklahoma statute. *Parker*, 394 F.3d at 1319. Mr. Robison has not met his burden to show that these instructions rendered his trial constitutionally unfair.

### C.    Prosecutorial Misconduct (Ground 4)

Mr. Robison claims that his trial was unfair because the prosecutor presented improper rebuttal testimony and argued facts not in evidence. He does not, however, point to any specific instances of such conduct. He also claims that the prosecutor made unfairly prejudicial remarks to jurors when he told them that by asserting his right to a jury trial, Mr. Robison was "thumbing his nose" at them. R. vol. 2, Trial Tr. at 315. This behavior does not rise to the level of prosecutorial misconduct. "[P]rosecutorial misconduct in a state court violates a defendant's right to a fair trial only if the prosecutor's actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Nguyen*, 131 F.3d at 1358 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). We will consider "the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). We review the OCCA's denial of this claim only for "unreasonable

application of the standard." *Bland v. Sirmons*, 459 F.3d 999, 1024 (10th Cir. 2006). In light of the powerful evidence against Mr. Robison, it was reasonable for the OCCA to rule that the prosecutor's remarks did not render his trial unfair.

### D. Sentencing Errors (Ground 6)

Mr. Robison contends that his twenty-five year sentence is excessive because this was his first felony conviction and because Mr. McClaskey, who was—according to Mr. Robison—more culpable, received a lesser sentence. "[A] sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005). Mr. Robison's twenty-five year sentence fell within the statutory range of twenty years to life. Any disparity between Mr. Robison and Mr. McClaskey's sentence may be explained by Mr. McClaskey's cooperation with law enforcement. And we have explicitly held that disparate sentences do not violate the Eighth Amendment when one defendant receives a sentence reduction for cooperation with the government. *United States v. Rackstraw*, 7 F.3d 1476, 1482-83 (10th Cir. 1993).

### E. Ineffective Assistance of Counsel (Ground 7)

Mr. Robison claims ineffective assistance of counsel on three grounds: trial counsel did not move to suppress Mr. Ryals's eyewitness testimony, did not request a cautionary jury instruction regarding the eyewitness testimony, and did

not object to the jury instruction that explained the elements necessary for conviction. An ineffective assistance of counsel claim requires Mr. Robison to show that "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Robison first contends that his counsel should have objected to the admission of Mr. Ryals's eyewitness testimony. To prevail, he must show both that trial counsel was deficient in failing to object to the eyewitness identification and that but for counsel's failure, the result at trial would have been different. *Snow v. Sirmons*, 474 F.3d 693, 720-21 (10th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In *Snow*, trial counsel did not object to eyewitness testimony from two witnesses who had both previously failed to pick the defendant out of a lineup. *Id.* at 721. Both the OCCA and the federal habeas court determined that the failure to object to the admission of the testimony constituted a trial strategy since counsel attempted to discredit the witnesses through extensive cross-examination. In addition, the court in *Snow* expressed doubt as to whether an objection to the testimony would have been successful. *Id.*

Counsel's failure in this case to object to the admission of Mr. Ryals's testimony can be similarly interpreted as a trial strategy. Mr. Robison's counsel cross-examined Mr. Ryals regarding how he knew Mr. Robison and how he came

to identify him as the Wal-Mart shopper.  And while the court in *Snow* expressed uncertainty regarding whether the eyewitness testimony at issue there would have been admitted over counsel's objection, the record in this case makes clear that Mr. Robison's chances of excluding Ryals's testimony were slender.  Mr. Ryals recognized Mr. Robison without any suggestion from law enforcement and under the totality of the circumstances test, his eyewitness identification was reliable.  Trial counsel was not deficient in failing to object to the admission of the eyewitness testimony: that "failure" was a deliberate trial strategy and in any event, the testimony was properly admitted.

Mr. Robison also claims ineffective assistance of counsel because his attorney failed to request a cautionary jury instruction regarding eyewitness testimony.  Mr. Robison cannot claim ineffective assistance on this ground "unless the failure to request such an instruction represent[s] a 'substantial violation of [his] rights.'"  *Snow*, 474 F.3d at 721 (quoting *Snow v. State*, 876 P.2d 291, 295 (Okla. Crim. App. 1994)).  Such a violation occurs only when there is a "very substantial likelihood of misidentification."  *Id*. (internal quotations omitted).  Though the court did not issue an instruction on eyewitness testimony in particular, it did instruct the jury that to determine the credibility of witness testimony it may consider "the ability of the witness to remember and relate past occurrences, the means of observation, and the opportunity of knowing the matters about which the witness has testified."  R. vol. 2, doc. 13 at 66.

Considering the witness credibility instruction, defense counsel's ample opportunity to discredit eyewitness testimony through cross-examination, and the fact that the prosecution's case did not rest solely on eyewitness testimony, no additional cautionary instruction regarding eyewitness testimony was necessary. *See United States v. Thoma*, 713 F.2d 604, 608 (10th Cir. 1983) (government's standard instructions sufficiently focused jurors' attention on the issues critical for conviction). Thus, counsel's failure to request one did not violate Mr. Robison's rights.

Finally, Mr. Robison claims ineffective assistance of counsel because his attorney did not object to the jury instruction that outlined the elements of the offense. The court instructed the jury that it must find that the state proved Mr. Robison, "First, knowingly/intentionally; [s]econd, endeavor[ed] to manufacture; [t]hird, the controlled dangerous substance of Methamphetamine." R. vol. 2, doc. 13 at 43. It defined "endeavor" as "[a] systematic or continuous effort to attain some goal." *Id*. at 44. Mr. Robison claims that "endeavor" and "attempt" are equivalent words requiring the jury to find that he committed an overt act. Further, Mr. Robison argues that "knowingly/intentionally manufactured" did not accurately describe the mental state required for conviction. The OCCA disagreed, finding that the instructions properly informed the jury of the elements

of endeavoring to manufacture methamphetamine.[1]   Because the jury instruction properly outlined the elements of the crime, counsel was not deficient in failing to object to the instruction.

### F.     Cumulative Error (Ground 8)

Cumulative error analysis does not apply to the cumulative effect of non-errors.  *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998).  Because the trial court committed no errors, there can be no cumulative error.

### III. Conclusion

Accordingly, we **DENY** Mr. Robison's request for a COA and **DISMISS** this appeal.

> Entered for the Court,
>
> Michael W. McConnell
> Circuit Judge

---

[1] Since Mr. Robison's conviction, the OCCA has maintained that "there is no requirement of an overt act to complete the crime" of endeavoring to manufacture methamphetamine.  *Tidmore v. State*, 95 P.3d 176, 179 (Okla. Crim. App. 2004).  At issue in *Tidmore* was a jury instruction identical to the one used at Mr. Robison's trial.  *Id*. at 178.