Jerry R. COBBS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14613.

Court of Criminal Appeals of Oklahoma.

June 11, 1969.

S. S. Lawrence, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Jerry R. Cobbs, hereinafter referred to as defendant, was charged with the crime of Robbery By Fear. He secured the services of private counsel who represented him at preliminary hearing, appeared with him, when the case was called for trial and the jury panel was present, in the District Court of Tulsa County before Specially Assigned Judge Jess Miracle. The Court was advised by counsel that the defendant wished to withdraw his plea of not guilty and substitute a plea of guilty therefor; whereupon the court inquired if this was the defendant's desire and he

replied that it was. The court thoroughly and meticulously advised the defendant of his right to a jury trial and that if he desired to have a jury trial the jury was present for that purpose. The Court further asked the defendant if he had been promised or coerced into entering a plea of guilty and he replied that he had not and that he was entering a plea of guilty because he was guilty. The court then advised the defendant that he would ask the county attorney for a recommendation, but that he was not bound by such recommendation and that he (the judge) would determine the sentence that would be imposed and the defendant advised the court that he understood this.

Thereafter, the county attorney recommended an indeterminate sentence of from 5 to 15 years and again the court advised the defendant that if he wished to withdraw his plea of guilty the court would allow him to do so, and proceed to a jury trial. The defendant announced that he did not wish to withdraw his plea of guilty. The court then advised the defendant that he had additional time before the court pronounced judgment and sentence and the defendant advised the court that he wished to be sentenced immediately; whereupon the court declined to follow the recommendation of the county attorney and sentenced the defendant to five years imprisonment in the state penitentiary.

A Motion for New Trial was timely filed on the 20th day of November, 1967 by S. S. Lawrence, present counsel for defendant, and hearing on said Motion was had on the 27th day of November, 1967. At said hearing the defendant testified as to the circumstances of his employment of counsel; that his plea of guilty had been entered under the advice of counsel but that by virtue of the fact of his youth (he was 21 years old at the time), he had entered the plea of guilty because his counsel had advised him that if he went to trial he might get as much as 15 years. He acknowledged that he had admitted his guilt before the judge when asked if he was guilty, denied any promise had been made him by the county attorney, but stated that he had advised the court that he was guilty after having been previously advised by his attorney to so inform the court. Defendant stated that he wished a jury trial, that he was not guilty, and that his present attorney had been employed by members of the family. Neither side sought to secure the presence of prior counsel and the court, after having reviewed the record wherein he thoroughly advised the defendant of his right to a jury trial in the prior proceedings, declined to grant the Motion for New Trial, and advised the defendant of his right to appeal to the Court of Criminal Appeals, and a timely appeal has been perfected to this court.

On appeal, counsel for defense argues that previous counsel had improperly advised the defendant to enter a plea of guilty and that after he talked with the defendant and his family he (the present counsel) would have insisted on a jury trial and would have advised the defendant not to enter a plea of guilty. It is interesting to note, in this connection, that former counsel who represented the defendant at the preliminary hearing and on arraignment in the District Court, apparently based on his knowledge of the facts, had advised the defendant to enter a plea of guilty.

It is equally clear from the record that the plea of guilty was entered by the defendant himself, on his assertion to the court that he was guilty; and that he became dissatisfied after having been sentenced, but after he had talked with some of his cellmates in the Tulsa County Jail.

It is equally significant to note that although the defendant asserts that he is not guilty, he offered no evidence or testimony of defense before the trial court and although it is urged that because of his youth the defendant relies on counsel, he had previously received a one year sentence for Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor and was apparently not a complete stranger to the law.

■ We believe the facts set forth in the instant case fall squarely within the rule set forth in Baker v. State, Okl.Cr., 295 P.2d 294, wherein we stated in Syllabus 1:

"Where the defendant seeks to withdraw his plea of guilty and substitute therefor a plea of not guilty, the burden is upon the defendant to show that his plea of guilty was entered through inadvertance or through ignorance, influence, or without deliberation, and that there is a defense that should be presented to the jury."

The defendant has wholly failed to establish any ground upon which withdrawal of the plea could have been made, except his self-serving declarations; and he offered no evidence upon which the trial court could determine that he had a valid defense. We must hold that this assignment of error is without merit.

■ In his reply brief it is contended that a new trial should be granted for the reason that the court did not advise the defendant of his right to appeal and his right to counsel in perfecting his appeal at the time of rendition of judgment and sentence, and did not fix an appeal bond. Suffice it to say that an appeal has been timely perfected and that the trial court set an appeal bond after overruling the defendant's Motion for New Trial, and we fail to see where the defendant has been prejudiced thereby.

This Court is of the opinion that the defendant's plea was not made unadvisedly or without due deliberation: and further, that he has raised no defense that should be submitted to the jury and that the trial court properly denied defendant's Motion for New Trial.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BUSSEY, and NIX, JJ., concur.