**Adrian HOAG, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15705.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Adrian Hoag, was charged with the crime of Grand Larceny of Personal Property on a plea of guilty, sentenced to two (2) years imprisonment and appeals. Judgment and sentence reversed and remanded to the trial court.

Virgil L. Upchurch, Anadarko, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Adrian Hoag, hereinafter referred to as defendant, was charged by Information on October 24, 1969, in the District Court of Caddo County, case No. CRF-69-58, with the crime of Larceny of Personal Property. Defendant was eighteen years of age. On October 27, 1969, the Information was amended to allege Grand Larceny of Personal Property. Without any showing being made that defendant was indigent, he appeared in court on October 27, 1969, with court appointed attorney, Mr. Justus Hefley; he waived preliminary hearing and asked that he be immediately arraigned in the trial court to enter a plea of guilty; he was presented a copy of a "Waiver of Constitutional Rights on Plea of Guilty", which was allegedly read in detail to him by his attorney. Thereafter, defendant entered a plea of guilty before the Associate District Judge of Caddo County, who fully and completely advised him of his right to a jury trial, the consequences of the entry of a plea of guilty, and only after being assured by the defendant that entry of a plea of guilty was free and voluntary, and after that defendant answered, that he understood the proceedings and consequences, and possible punishment that could be assessed, did the judge accept defendant's plea. Thereafter, the trial court found defendant guilty as charged; and upon recommendation of the District Attorney, defendant was sentenced to two (2) years under the custody and control of the State Department of Corrections. On defendant's request he was retained in the County Jail for ten days. On November 19, 1969, through counsel retained by his parents, defendant filed a Motion for New Trial. His Motion was denied and on the same day he was admitted to bail in the amount of $3,-000.00. From that conviction this appeal was lodged.

Under ordinary circumstances the trial court's explanation of the accused person's

constitutional rights would have been most adequate; however, under the circumstances of this case defendant should have been permitted to withdraw his plea of guilty. This appeal must be reversed and remanded to the trial court, for the following reasons:

1. Defendant was, as a matter of law, a minor being eighteen years of age, and this was his first criminal charge.

2. There is no showing in the record that defendant was indigent and entitled to court appointed counsel.

3. Testimony shows that defendant's parents were financially able to hire an attorney of their own choice.

4. Defendant's parents were not notified of his arrest, and they were not advised to be present at his trial.

5. Defendant had not completed a high-school education, and it is doubtful that he fully understood what was read to him on the "Waiver Form".

6. Insofar as this was allegedly defendant's first charge for the commission of a criminal offense, his age, education and lack of experience, all should have been taken into account in requiring that he take advantage of the statutory delays before trial, and imposition of judgment and sentence. Defendant is a full-blood Indian and was a member of the Armed Forces.

We can reach no other decision under these facts except that defendant's plea of guilty was entered unadvisedly and through ignorance. It is not sufficient only to show that defendant was represented by a member of the Oklahoma Bar Association, and thereby his constitutional rights were preserved. The Attorney General's brief states—with reference to the hearing on the Motion to Withdraw the guilty plea:

"Such evidence as was presented, * * only tends to show that there may have been some haste in the proceedings."

We conclude that such haste was "too swift" under these facts, having been arrested on Friday and tried and convicted on Monday. Therefore, for the reasons herein stated we are of the opinion the trial court abused its discretion when defendant's Application to Withdraw the Guilty Plea was denied.

Therefore, this matter is remanded to the District Court of Caddo County, with instructions to permit defendant to withdraw his plea of guilty and substitute therefor a plea of not guilty, and stand trial by a jury.

NIX, J., concurs.

BUSSEY, P. J., not participating.