**Reginal B. AVANCE, Appellant,**
v.
**The STATE of Oklahoma, Appellee.**
**No. A–16369.**

Court of Criminal Appeals of Oklahoma.
May 3, 1972.

---

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Ray Naifeh, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Reginal B. Avance, hereinafter referred to as defendant, was convicted on a plea of guilty in the District Court of Tulsa County, Case Number CRF–70–472, of second degree burglary and sentenced to four (4) years imprisonment. Judgment and sentence was imposed on October 23, 1970 and this Court, through the granting of a writ of certiorari, has allowed this appeal.

Defendant was charged initially with second degree burglary, after former conviction of a felony, along with his codefendants, George Mackey and James Martin Pack. On September 9, 1970, the three appeared in the District Court of Tulsa County with counsel and entered a plea of guilty. As to defendant Avance, the allegation of a former conviction was stricken. Defendant contends that the trial court erred in refusing to allow defendant to withdraw his plea of guilty on October 23, 1970, for the reason that it was an involuntary plea because the trial court failed to advise defendant of his right against self-incrimination, his right to a jury trial, and his right to confront his accuser.

As to the constitutionality of a guilty plea, the United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), stated that it is "not too much to require that, before sentencing defendants to years of imprisonment, district judges take a few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court reversed a conviction based on a guilty plea for the reason that the record did not disclose that the defendant voluntarily and understandingly entered such a plea. In *Boykin* the Supreme Court noted that a "plea of guilty

is more than a confession which admits that the accused did various acts; it is itself a conviction * * *." Thus, the constitutional "requirement that the prosecution spread on the record the prerequisites of a valid waiver." 395 U.S. at 242, 89 S.Ct. at 1711. The Supreme Court held:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record."

Thus, the record must positively show that the defendant waived the three federal rights before it can be said that a guilty plea was voluntarily and understandingly entered.

In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court observed that there was "no new test for determining the validity of guilty pleas. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Citations omitted] That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." 400 U.S. at 31, 91 S.Ct. at 164.

■ Having thus stated the constitutional test for the validity of a plea of guilty, we now turn to the record to determine if that standard was met in the instant case. When he entered his plea of guilty, the defendant Avance and his co-defendant Mackey were represented by their attorney, Mr. Don E. Gasaway. Co-defendant Pack was represented by his attorney, Mr. Victor Law Ellis. The record reflects in relevant part as follows:

> "MR. GASAWAY: Your Honor, at this time comes now the defendants, Reginal B. Avance and George Mackey and withdraws their previous plea of not guilty and enters their plea of guilty to the crimes charged in the Information and request that sentencing at the pleasure of the Court be set for September 25 at 1:00 p. m.

> "THE COURT: Do you understand that, Mr. Mackey—you have talked to your attorney?

> "MR. MACKEY: Yes, sir.

> "THE COURT: And no threats or promises of any kind have been made to you?

> "MR. MACKEY: No.

> "MR. GASAWAY: He would also waive his right to a jury trial, but I don't see the waiver forms here.

> "THE COURT: Do you understand that clearly—are you satisfied with your attorney in this case?

> "MR. MACKEY: Yes, Your Honor.

> "THE COURT: You understand that you may get a sentence anywhere from two to seven years on this charge?

> "MR. MACKEY: Yes, sir.

> "THE COURT: Do you understand that, too, Mr. Avance?

> "MR. AVANCE: *Yes*.

> "THE COURT: You have heard the admonitions I have given Mr. Mackey— what I have told him?

> "MR. AVANCE: *Yes*.

> "THE COURT: You are satisfied with your attorney?

> "MR. AVANCE: *Yes*.

"MR. THOMPSON: In Case No. CRF–70–472, with reference to the defendant, Reginal Brooks Avance, the State would request at this time that the second page of the Information alleging the After Former Conviction of a Felony as to Reginal Brooks Avance be stricken.

"THE COURT: And dismissed?

"MR. THOMPSON: Yes, Your Honor.

"THE COURT: It will be so ordered that the After Former be stricken as to the defendant Avance.

"MR. GASAWAY: We would renew our plea of guilty to the Information as it now stands and would waive our right to a jury trial.

"MR. ELLIS: The defendant, James Martin Pack, wishes to withdraw his previous plea of not guilty and enter a plea of guilty to the Information.

"THE COURT: Let me say this for the record: Both of you attorneys have fully explained to each of these defendants the rights that they have that this trial might proceed and the time they might receive or that they might be acquitted and what their rights are. Do you understand that, Mr. Ellis?

"MR. ELLIS: Yes, Your Honor.

"THE COURT: You all fully understand what might happen to you?

"MR. MACKEY: Yes.

"MR. AVANCE: *Yes.*

"MR. PACK: Yes.

"THE COURT: Do you have any further questions?

"MR. THOMPSON: The only thing I would ask each of these defendants is if it's a free and voluntary act on their own and that they haven't been threatened or coerced, that they are doing it freely and voluntarily?

"MR. MACKEY: Yes.

"MR. AVANCE: *Yes.*

" * * *

"MR. THOMPSON: Let me ask for the record if anyone has promised you probation?

"MR. MACKEY: No.

"MR. AVANCE: *No.*

"MR. PACK: No.

"MR. THOMPSON: No one has promised you anything in reference to this plea—it is free and voluntary?

"MR. MACKEY: Yes.

"MR. AVANCE: *Yes.*

"MR. PACK: Yes.

"THE COURT: You all answer affirmatively—you all say yes?

"MR. MACKEY: Yes.

"MR. AVANCE: *Yes.*" (Emphasis added.)

Upon a review of the record we are satisfied that the defendant Avance's guilty plea meets the constitutional test of North Carolina v. Alford, supra, that the "plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Especially where the defendant was represented by competent counsel, as shown affirmatively by the record.

In Oklahoma, every plea must be oral, 22 O.S.1971, § 514, and a plea of guilty must be entered by the defendant personally, 22 O.S.1971, § 516. Thus, a guilty plea entered by counsel in defendant's absence, where the defendant never orally entered a guilty plea himself in open court, is not a valid guilty plea. Dukes v. Page, Okl.Cr., 457 P.2d 837 (1969). Defendant's argument in the instant case that he did not personally enter a plea of guilty, is without merit in view of the record.

 Thus, having determined that the defendant voluntarily and intelligently entered a guilty plea, and that he personally entered such a plea in open court, we are left with the final question of whether the trial court erred in refusing to grant defendant's request to withdraw his guilty plea. It is a familiar rule of this Court that the granting or denying of permission to withdraw a plea of guilty and substitute

a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless abuse of discretion clearly appears in the record. Green v. State, Okl.Cr., 327 P.2d 704. Pierce v. State, Okl.Cr., 394 P.2d 241. There is an implication in the record that there may have been an agreement between the defendant's attorney and the District Attorney that if defendant successfully entered the military service, defendant would be granted probation. The record is not conclusive as to whether or not there was such an agreement. Furthermore, at the time the defendant was advised of his rights by the court and entered his plea of guilty on September 9, 1970, he was expressly asked if he had been promised any benefit for entering such a plea. Defendant personally denied any such promise while represented by counsel. We, therefore, find that the defendant was not induced to enter a guilty plea and the trial court did not abuse discretion in refusing to allow withdrawal of the guilty plea. The judgment and sentence is hereby affirmed.

BUSSEY, P. J., and SIMMS, J., concur.