Garvin GRAY, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–16744.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

Tom Shaw, Tishomingo, for petitioner.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

Petitioner, Garvin Gray, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Johnston County, Oklahoma, to the offense of Grand Larceny; his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely Writ of Certiorari has been perfected to this Court.

This Court, after reviewing the briefs, ordered an Evidentiary Hearing in the trial court. The following facts were adduced at the Evidentiary Hearing: That the defendant was nineteen (19) years of age; that the offense was committed the evening of June 6, 1971; that the defendant and a co-defendant, John Edwin Walker, were arrested on June 7, 1971, and charged by information with the crime of Grand Larceny; that the following day, June 8, 1971, defendant talked to his court-appointed attorney approximately five minutes and was subsequently taken before the court and waived preliminary hearing and, after being advised of his constitutional rights, entered a plea of guilty and was sentenced to two (2) years under the custody and control of the State Department of Corrections. The following day he was delivered to the Oklahoma State Penitentiary at McAlester.

We are of the opinion that the trial court erred in not granting defendant's motion to withdraw his plea of guilty. In a similar case, Hoag v. State, Okl.Cr., 483 P.2d 753, we stated:

"We conclude that such haste was 'too swift' under these facts, having been arrested on Friday and tried and convicted on Monday. Therefore, for the reasons herein stated we are of the opinion the trial court abused its discretion when defendant's Application to Withdraw the Guilty Plea was denied."

We are of the opinion that as in *Hoag*, supra, the haste in the instant case was also " 'too swift' " in view of the uncontroverted evidence that the defendant talked to his court-appointed attorney for only approximately five minutes prior to entering his plea of guilty. This cause is remanded to the District Court of Johnston County with instructions to permit the defendant to withdraw his plea of guilty. Further that the State of Oklahoma is granted permission to refile the charges that were dismissed against the defendant, should they so desire.

Remanded.

BRETT and SIMMS, JJ., concur.