**Jackie Ray ELMORE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C–79–592.**

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1981.

Thomas B. Webb, McAlester, for appellant.

No appearance by appellee.

## OPINION

BUSSEY, Judge.

Appellant, Jackie Ray Elmore, was charged in Pittsburg County District Court, Case No. CRF–78–291, with the crime of Murder in the First Degree. He was bound over by the magistrate following a preliminary hearing. On the 18th day of June, 1979, appellant appeared in court with court appointed counsel and entered a plea of guilty to a reduced charge of Manslaughter in the First Degree, and was sentenced to eight (8) years imprisonment, pursuant to a plea bargain. On the 28th day of June, 1979, the application was denied and formal sentence was imposed. Thereafter, a petition for a writ of certiorari was filed in this Court.

Appellant alleges in support of the petition, and so testified at the hearing on the application to withdraw plea of guilty, that he was under such pressure and stress due to conflicting advice from counsel and unspecified family members, and others interested in the outcome of the lawsuit, that he was not acting of his own free will. Moreover, he contends that he was operating under the misapprehension that he could withdraw his plea of guilty upon the asking at anytime within ten (10) days following judgment and sentence. In addition, appel-

lant contends that although he was present at the premises when the homicide underlying the charge occurred, he has learned, since the guilty plea was entered, facts which lead him to believe that he is not guilty, although they are so self-incriminatory that he could not tell them to the court.

On the record before us, we must deny the petition. Appellant does not allege, nor does it appear, that the trial court failed in any respect to comply with guilty plea acceptance procedures mandated by this Court. The record affirmatively reflects that the trial judge was sensitive to ensure a knowing and voluntary plea, and on the face of the record, the plea appears without doubt to have been voluntarily entered.

Appellant cites the following excerpt from the transcript of the plea proceeding to support his contention that he was confused:

"THE COURT: Alright, Mr. Elmore, do you want a speedy jury trial?"

"A: I don't know, really. I don't know what to say."

"THE COURT: Well, what you've got to tell me right now is if you want to plead guilty. You're not going to get a jury trial, you will simply be—enter a plea and be sentenced. Do you have any doubts as to whether you want to enter a plea of guilty or not? Then, we need to start a jury trial at this time."

"A: I can't go, man."

"THE COURT: Do you want a jury trial?"

"A: Yes, I've got to have one."

"THE COURT: Alright, let's take about three or four minutes recess and then we'll call the jury in. Let me talk to counsel in chambers right now. The court's in recess...."

"THE COURT: ... Mr. Elmore, I ask you whether you wanted a speedy jury trial and we have had a recess, you have conferred with your attorneys, is that correct?"

"A: Yes."

"THE COURT: What is your answer to the question?"

"A: No."

"THE COURT: Mr. Elmore, have you talked over the charge with your attorneys, under your right, and have you had their advice in the matter and have they served you well?"

"A: Yes."

"THE COURT: Do you wish to enter a plea now and to be sentenced now?"

"A: Yes."

(Transcript 7 through 9).

When appellant expressed his desire to have a jury trial, the trial court was prepared to grant it, and so advised appellant. However, appellant conferred with his attorneys during the short recess and, in open court, reversed himself and decided to accept the plea bargain.

We are of the opinion that this does not reflect a will overborne by outside pressure, but rather a voluntary act waiving a right well known to appellant after further time to reflect and confer with counsel.

Moreover, appellant's allegation that his plea was induced by a misunderstanding is unpersuasive. He does not allege how the misunderstanding arose, although we note that part of the procedure observed by the trial court in accepting appellant's plea of guilty involved advising appellant of his right to initiate the appeal process by filing an application to withdraw plea of guilty within ten (10) days following imposition of judgment and sentence. However, both the summary of facts form (O.R. pg. 45–46.) and the transcript of the plea proceeding (Tr. 10 and 13) reflect that appellant was not so advised until after his guilty plea was tendered.

A motion to withdraw a plea of guilty is directed to the sound discretion of the trial court. *Brown v. State*, Okl.Cr., 405 P.2d 698 (1965). The movant bears the burden of showing that the guilty plea was entered through inadvertence or ignorance, influence or without deliberation, and that there is a defense that should be presented to the jury. *Cobbs v. State*, Okl.Cr., 455 P.2d 739 (1969). We are of the opinion that appellant failed to make the necessary showing.

Therefore, being fully advised in the premises, it is the opinion of the Court that the petition for writ of certiorari should be, and is hereby, denied.

BRETT, P. J., and CORNISH, J., concur.