**Shawntee Renee HOPKINS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–88–314.**

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1988.

Rehearing Denied Dec. 6, 1988.

Lewis Barber, Jr., George P. Traviolia, Oklahoma City, for petitioner.

No response necessary.

## OPINION

BUSSEY, Judge:

Petitioner, Shawntee Renee Hopkins, pled guilty in the District Court of Oklahoma County, Case No. CRF–87–5057, to charges of Possession of a Controlled Dangerous Substance, Heroin. She was sentenced to imprisonment for ten (10) years, the last five of which were suspended. Her motion to withdraw the guilty plea was denied, and she seeks relief from this Court by petition for writ of certiorari.

A recitation of the facts is unnecessary. First, petitioner asserts that her plea was not entered knowingly and voluntarily because her attorney did not adequately advise her of a plea offer made by the prosecutor. She relies heavily upon *Avance v. State,* 497 P.2d 467, 469 (Okl.Cr.1972), in which we stated, "[t]he standard [for determining the validity of guilty pleas] was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

The record in this case shows that defense counsel did, in fact, advise petitioner of her alternative courses of action. He told her that the prosecutor had offered a three year recommendation in exchange for a guilty plea. He told her that the prosecutor "wanted to give [her] time." Rather than accepting the plea offer, defense counsel suggested that petitioner enter a "blind plea" on the charge, because first time offenders were routinely given suspended sentences for nonviolent crimes. Although petitioner expressed some confusion at the hearing to withdraw her plea as to whether the prosecutor was offering incarceration or a suspended sentence, the record, when viewed as a whole, demonstrates that petitioner was aware that she was choosing between certain incarceration on the plea offer, or a possible suspended sentence on a "blind plea." We find the continuing language of *North Carolina v. Alford, supra,* also quoted in *Avance, supra,* to be squarely on point:

> That [petitioner] would not have pleaded guilty except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.

We find that petitioner's plea was knowingly and voluntarily entered.

Petitioner next asserts that defense counsel's failure to adequately advise her of the prosecutor's plea offer resulted in a denial of effective assistance of counsel. To obtain relief on a claim of ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient, and a reasonable likelihood of a different outcome but for counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Inasmuch as we have already determined that petitioner was adequately advised of the plea offer, counsel's performance was not deficient, and relief cannot be granted for ineffective assistance.

■ Finally, petitioner asserts that the trial court abused its discretion in refusing to allow her to withdraw her guilty plea. She asserts that *Hoag v. State*, 483 P.2d 753 (Okl.Cr.1971), requires the trial court to consider age, education, lack of court experience, and previous criminal record in determining whether to allow a withdrawal of a plea of guilty. Comparing this case to *Hoag* fails to show any abuse of discretion. Hoag was under eighteen years of age; petitioner is twenty-six. Hoag had not completed high school; petitioner had. Hoag could have retained counsel of choice if his parents had been contacted; petitioner did retain counsel of choice to represent her. None of the circumstances in this case show an abuse of discretion. Furthermore, *Hoag* involved due process problems, since he was a juvenile and his parents had not been contacted when he was arrested, or summoned for preliminary hearing. None of those problems exist in this case.

The well settled rule is that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless abuse of discretion clearly appears in the record. *Avance, supra,* at 470–71. We find no abuse of discretion in this case. Accordingly, the relief sought by petitioner must be, and hereby is, DENIED.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I respectfully dissent on the basis that appellant's plea was not knowingly and voluntarily entered. The evidence presented during the hearing on appellant's motion to withdraw her plea is uncontroverted: Appellant was told by her attorney "he was sure that [she] would get a suspended sentence ...because [she] had never been in trouble before ..." Because of this inaccurate information, appellant's plea does not represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Avance v. State,* 497 P.2d 467 (Okla.Crim.App.1972), quoting *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the hearing on appellant's motion to withdraw her plea, the judge questioned her as to the information given to her by her attorney regarding a possible plea bargain. Appellant stated that immediately before she entered her blind plea, her attorney told her that the district attorney was offering a sentence of three years. He did not explain any of the details of this offer, such as whether the three years were to be suspended or served. He also told her that because she had never been in trouble before, "he was sure" she would get a suspended sentence. The State presented no evidence in rebuttal.

As stated in *Wellnitz v. Page,* 420 F.2d 935, 936 (10th Cir.1970):

> Certainly, if an attorney recklessly promises his client that a specific sentence will follow upon a guilty plea, or otherwise unfairly holds out an assurance of leniency in exchange for a confession of guilt, the question may arise whether such assurances were coercive ...

At the motion hearing, the only testimony presented was that of appellant, who testified that she was not fully informed of the terms of the proposed plea bargain and she only pled guilty after receiving her attor-

ney's "assurances" of a suspended sentence. Thus, I cannot agree that appellant's plea was an intelligent and voluntary choice. Accordingly, the district court abused its discretion by refusing to allow appellant withdraw her plea. *See Elmore v. State,* 624 P.2d 78, 80 (Okla.Crim.App. 1981).