HUDSON, J., DISSENTING
*768 ¶1 Rule 4.2(B), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2017) requires that an evidentiary hearing be held on an application to withdraw a guilty plea. However , Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2017) conditions that requirement on an actual request being made for an evidentiary hearing in the application to withdraw guilty plea. In the present case, Petitioner did not request an evidentiary hearing in his motion to withdraw guilty plea. Since Petitioner did not request an evidentiary hearing, his motion to withdraw was defective; the trial court was not required to hold a hearing; and he has not preserved appellate review of his guilty plea on the present record. See Whitaker v. State , 2015 OK CR 1, ¶ 10, 341 P.3d 87, 90 (holding that the petitioner must make a sufficient record in district court proceedings to allow for meaningful appellate review of his claim on certiorari); Tate v. State , 2013 OK CR 18, ¶ 14, 313 P.3d 274, 280 (holding that petitioner preserved appellate review of her plea of no contest by following Section IV of our Rules; she filed her motion to withdraw plea of no contest in the trial court clerk's office within 10 days from the date of pronouncement of judgment and sentence setting forth in detail the grounds for the withdrawal of the plea and requested an evidentiary hearing in the trial court). The trial court therefore did not abuse its discretion in summarily denying Petitioner's motion to withdraw.
¶2 The majority interprets Rule 4.2's language to mandate an evidentiary hearing "upon the filing of an application to withdraw plea, and not discretionary or conditional upon a request of the defendant." Majority at 767. The majority reasons that without a hearing, "there is nothing upon which this Court can base a ruling regarding whether the trial court did or did not abuse its discretion in denying the application to withdraw. Without evidence presented in a hearing, any review by this Court would be de novo , which we do not do." Majority at 767.
¶3 This reading of Rule 4.2 ignores that an evidentiary hearing need not be held where the petitioner is not challenging the voluntariness of his plea or not otherwise making a factual claim regarding the validity of his plea. This typically arises when a defendant challenges the constitutionality of a statute. Maxwell v. State , 2006 OK CR 33, ¶¶ 2-3, 5-6, 141 P.3d 564, 566-67 ; Allen v. City of Oklahoma City , 1998 OK CR 42, ¶ 7, 965 P.2d 387, 390. Hence, there is a very sound reason not to read the language in Rule 4.2(A) and 4.2(B) as mandating an evidentiary hearing for every motion to withdraw filed. Simply, not every application to withdraw plea requires a hearing.
¶4 The majority's reliance upon Randall v. State , 1993 OK CR 47, 861 P.2d 314, for the proposition that an evidentiary hearing is both a "necessary" and "critical" step in securing a defendant's right to certiorari appeal, Majority at 767, goes only so far. Randall stands for the proposition that a defendant has the right to have counsel present at all critical stages of a criminal prosecution, including when an evidentiary hearing is held on an application to withdraw plea. This holding is a reflection of Randall 's facts. The defendant in that case went unrepresented at a hearing on a motion to withdraw plea despite his request for counsel. Id ., 1993 OK CR 47, ¶¶ 9-10, 861 P.2d at 316. Randall does not, however, dictate that an evidentiary hearing must be held on each and every application to withdraw plea filed in district court. Id ., 1993 OK CR 47, ¶¶ 2-7, 861 P.2d at 315-16.
¶5 Moreover, Randall actually undercuts the majority's rationale and ultimate conclusion by holding that harmless error analysis is applicable to the denial of counsel "where: (1) the defendant neither alleges that he is innocent nor that his plea was involuntary; and (2) it is clear that the defendant is not entitled to withdraw his plea." Id ., 1993 OK CR 47, ¶ 7, 861 P.2d at 316. Randall reflects this Court's understanding that not all deficiencies arising during "critical" and "necessary" proceedings on a defendant's motion to withdraw plea-even major deficiencies like *769 the absence of counsel-are of sufficient magnitude to warrant automatic relief. From the outset, the majority's conclusion that the denial of an evidentiary hearing amounts to structural error warranting automatic relief, regardless of the circumstances, is a radical departure from our established precedent.
¶6 The majority's decision also represents a radical approach to statutory construction. The interpretation of Rule 4.2 given by the majority renders superfluous the express language contained within Rule 4.2(A) concerning the prerequisites for the application to withdraw plea:
A. Application to Withdraw Plea. In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court.See Sections 1051 and 1054 of Title 22.
(emphasis added). In other words, if the district court is required to hold an evidentiary hearing for every application to withdraw plea, and is not conditional upon the request of the defendant, then the plain language contained within Rule 4.2(A) requiring the application to contain a request for a hearing is of no consequence and rendered superfluous. In other words, why do we require in Rule 4.2(A) a formal request for evidentiary hearing if Rule 4.2(B) makes an evidentiary hearing mandatory regardless? This is contrary to the canons of statutory interpretation. Our interpretation of statutes is driven by the plain language and plain meaning of the statute as a whole and avoids any construction which would render any part of the statute superfluous. Whirlpool Corp. v. Henry , 2005 OK CR 7, ¶ 4, 110 P.3d 83, 85. There is no reason that interpretation of our own rules-which, of course, have the force of statute-should be any different. My interpretation of Rule 4.2 stays true to our established mode of statutory analysis. The majority's does not.
¶7 The majority has cited no published decisions from this Court, let alone any decision from the United States Supreme Court, mandating an evidentiary hearing even where the defendant does not request such a hearing for the claims contained within his application to withdraw plea. Notably, the Tenth Circuit has held that a defendant is not entitled to an evidentiary hearing as a matter of right when he seeks to withdraw his plea. Rather, "the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing. No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." United States v. Carter , 109 Fed.Appx. 296, 299 (10th Cir. 2004) (unpub'l) (quoting United States v. Gonzalez , 970 F.2d 1095, 1100 (2d Cir. 1992) ). See , e.g. , United States v. Alvarado , 615 F.3d 916, 920 (8th Cir. 2010) (the trial court can deny a motion to withdraw plea without an evidentiary hearing "if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true."); Zapata v. Comm. , 516 S.W.3d 799, 802 (Ky. 2017) (the defendant must present "a colorable argument" before the trial court is required to hold an evidentiary hearing on the motion to withdraw plea). Due process of law does not mandate a hearing before denying each and every motion to withdraw plea.
¶8 The present case is instructive. Petitioner's motion to withdraw plea, filed through plea counsel, alleged without detail that "[h]e did not understand the nature and consequences of his plea[.]" Petitioner's written application did not request an evidentiary hearing and none was held. Despite the absence of any record where Petitioner could have presented such supporting evidence, this Court has been presented with an otherwise thorough record, the review of which shows the entry of a knowing and voluntary guilty plea. The record includes transcripts of Petitioner's preliminary hearing as well as his plea and sentencing hearings. The record also contains the fully-completed Plea of Guilty Summary of Facts form signed by Petitioner and acknowledged by him at the *770 plea hearing as containing his true and correct answers to the questions presented.
¶9 The transcript of the preliminary hearing shows Petitioner was passed out in a car while blocking drive-thru traffic at a Taco Bell around 1:00 a.m. on June 18, 2016. When Shawnee Police arrived, they found Petitioner slumped back and unconscious in the driver's seat of the car which was in drive. Police also observed in the passenger seat three bags of what appeared to be marijuana. Petitioner's eyes were bloodshot and he smelled of alcohol. After being removed from the vehicle, placed in handcuffs and secured in the backseat of a patrol car, Petitioner started screaming and asking about money in his car. He also started kicking the back windows of the patrol unit. In addition to the bags of marijuana, police found four bags of what appeared to be crack cocaine in a side pocket of the driver's side door. Open containers of beer and Vodka were also found in the vehicle. Subsequent laboratory analysis showed that the crack cocaine weighed roughly 11.95 grams. The arresting officer testified that, based on his training and experience, the narcotics recovered from Petitioner's vehicle was consistent with trafficking or distribution (P.H. Tr. 5-20).
¶10 Petitioner's case was set for jury trial the morning on which he entered his blind plea of guilty to both counts as charged. The transcript of the plea hearing shows Petitioner acknowledged having gone over with plea counsel the fully completed Plea of Guilty Summary of Facts form contained in the record. Petitioner stated that plea counsel helped him fill out the form and that he, Petitioner, understood each and every question contained on this document (Plea Tr. 3; O.R. 40-47, 50). Petitioner stated that he did not need to speak with Judge Canavan about any of his responses on the plea form (Plea Tr. 4). Petitioner acknowledged both his signature on page 6 of the plea form and that his signature meant the answers given on the plea form were his true and correct answers to each question. Petitioner acknowledged having the advice of plea counsel when deciding to plead guilty. He further acknowledged that he was pleading guilty because he was in fact guilty and that no one had threatened or coerced him in any way to get him to plead (Plea Tr. 4-5).
¶11 Petitioner stated that he understood this was a blind plea meaning there was no agreement by either side as to what would be recommended for punishment. Petitioner also acknowledged that the trial court would be able to sentence him anywhere within the range of punishment for both counts. The nature of the plea offer which had previously been withdrawn by the State was discussed. The parties acknowledged that the State withdrew its plea offer of 15 years imprisonment because Petitioner did not accept it in a timely manner. The trial court specifically reviewed with Petitioner the range of punishment for both counts in light of Petitioner's numerous prior felony convictions (Plea Tr. 5-6). Knowing these things, Petitioner stated that he wished for the court to accept his guilty plea (Plea Tr. 6).
¶12 At the sentencing hearing, plea counsel urged leniency for Count 1 on grounds that the range of punishment set by the Oklahoma Legislature for trafficking in cocaine base was discriminatory against poor black men. Plea counsel also noted the State's previous recommendation of 15 years imprisonment and requested that the court order drug treatment so Petitioner could deal with his drug problem. The State urged that Petitioner be sentenced to 30 years imprisonment because of his long list of priors which included felony convictions for possession of contraband in a penal institution (two separate convictions), felonious possession of a firearm, possession of controlled dangerous substances with intent to distribute (two separate convictions) and shooting with intent to kill (S. 3-10; O.R. 3).
¶13 From the record before this Court, we have no basis to find that Petitioner's guilty plea was anything other than knowingly, voluntarily and intelligently entered. We examine the entire record before us on appeal to determine the knowing and voluntary nature of the plea. The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant.
*771 North Carolina v. Alford , 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L. Ed. 2d 162 (1970) ; Hopkins v. State , 1988 OK CR 257, ¶ 2, 764 P.2d 215, 216. On this record, Petitioner fails to show that his plea was invalid. He also fails to present anything in his accompanying Rule 3.11(B) application calling into question the validity of his guilty plea.[1] Petitioner therefore fails to show that, even had he been granted a hearing through counsel's efforts (or simply as a discretionary act by Judge Canavan) that the result of the proceeding would have been any different, i.e., that the district court would have granted his application to withdraw guilty plea.
¶14 The above discussion further demonstrates that an evidentiary hearing is not necessarily required whenever a defendant seeks to withdraw his or her plea. That is particularly so where, as here, we are faced with the conclusory assertion that Petitioner "did not understand the nature and consequences of his plea." Petitioner does not identify any factual issue that requires resolution at a hearing. Petitioner simply has not presented us a colorable basis to question the validity of his plea, especially considering the record evidence which torpedoes his claim. His sole allegation is too conclusory and is contradicted by the record which shows why his plea is valid. For these reasons, the district court was not required to hold an evidentiary hearing on Petitioner's application to withdraw prior to denying relief.
¶15 Nor was counsel ineffective for failing to request a hearing on Petitioner's behalf. Petitioner has the burden of proving that counsel was ineffective which requires a showing of both deficient performance and prejudice. Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). See Harrington v. Richter , 562 U.S. 86, 104, 131 S.Ct. 770, 787-88, 178 L. Ed. 2d 624 (2011) (discussing Strickland two-part test). When a claim can be disposed of on grounds of lack of prejudice, that course should be followed. Marshall v. State , 2010 OK CR 8, ¶ 61, 232 P.3d 467, 481. Based on the record before this Court, we have no basis to find that Petitioner's guilty plea was anything other than knowingly, voluntarily and intelligently entered. Petitioner fails to present any evidence supporting the bare claim raised in his motion to withdraw that he did not understand the nature and consequences of his plea. Again, he fails to show that, even if a hearing had been held, that the result of the proceeding would have been different.
¶16 Today's decision takes a one-size-fits-all approach to applications to withdraw pleas. A better option would be to amend Rule 4.2 to require the district court hold an evidentiary hearing absent the filing of a written waiver of the hearing. This would be true to the reality that not every application to withdraw plea needs a hearing without engaging in strained interpretations of our own rule. It is worth noting again that Petitioner had the opportunity to present us with anything-including statements in his Rule 3.11(B) affidavit-supporting his claim that his plea is invalid. He has not done so. Considering that we have a full record which flatly contradicts his cursory assertion that his plea is invalid, Petitioner should not be given what amounts to a redo on his motion to withdraw and his certiorari appeal. Petitioner never asked for a hearing. And he has done nothing to show us that his plea was invalid.
¶17 Should the need arise, Petitioner may pursue post-conviction proceedings in district court. Instead, we mandate the extravagant protection of an evidentiary hearing for even the most frivolous cases and champion form over substance. This is a bad approach to these cases, especially when the plain language of the Rule makes clear what is supposed to happen and the petitioner ignores the multiple safeguards at his disposal to force our hand on a single procedural issue. I would deny the petition for writ of certiorari *772 and affirm Petitioner's judgment and sentence.

Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2017) allows a petitioner to request an evidentiary hearing when it is alleged on appeal that trial counsel was ineffective for failing to utilize available evidence which could have been made available during the proceedings below. Simpson v. State , 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905-06. This Court reviews the application along with supporting affidavits to see if it contains sufficient evidence to show this Court by clear and convincing evidence that there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. Notably, this standard is less demanding than the test imposed by Strickland . Id .