RICKER V. STATE
2022 OK CR 26
Case Number: C-2019-893
Decided: 10/13/2022
BENJAMIN JOSIAH RICKER, Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2022 OK CR 26, __ __

 

OPINION DENYING CERTIORARI
LUMPKIN, JUDGE:
¶1 Petitioner Benjamin Josiah Ricker entered a no contest plea to charges of Lewd Molestation (Count I) and Possession of Juvenile Pornography (Count II) in the District Court of Craig County, Case No. CF-2017-181. The Honorable Joseph Gardner, Associate District Judge, accepted the pleas and scheduled sentencing. Prior to the date of sentencing, Petitioner filed a Motion to Withdraw No Contest Plea. After a hearing in which testimony and argument were presented, Judge Gardner denied the motion to withdraw. Petitioner was sentenced to imprisonment for thirty-five (35) years in Count I and thirty (30) years in Count II, with the sentences ordered to run consecutively. Petitioner appeals the denial of his motion, and raises the following propositions of error:
I. The District Court of Craig County was without jurisdiction to adjudicate the charges brought against Petitioner by the State of Oklahoma. 
II. Petitioner should be allowed to withdraw his plea which was not knowingly, intelligently, and voluntarily made because it was entered under duress and as the result of frustration, misunderstanding, misapprehension, and without deliberation as the result of unseemly haste. 
¶2 After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and Petitioner's brief, we have determined that the trial court did not abuse its discretion in denying the motion to withdraw guilty plea.
¶3 In Proposition I, Petitioner argues that under McGirt v. Oklahoma, 140 S.Ct. 2452 (2020), the District Court of Craig County/the State of Oklahoma were without jurisdiction to adjudicate the charges brought against him because: 1) he was possibly Indian; 2) his victim was Indian; and 3) and the charged crimes occurred in Indian Country.
¶4 While Petitioner's case has been pending on appeal, the Supreme Court decided Oklahoma v. Castro-Huerta, 142 S.Ct. 2486 (2022) holding that the State of Oklahoma and the federal government have concurrent jurisdiction to prosecute a non-Indian defendant for crimes committed against an Indian victim in Indian Country. Id. 142 S.Ct. at 2491. The Supreme Court found that neither the General Crimes Act, 18 U.S.C. § 1152, nor Public Law 280, 67 Stat. 588, have pre-empted Oklahoma's concurrent jurisdiction to prosecute non-Indians for crimes against Indians in Indian Country. Id. 142 S.Ct. at 2494, 2500. The Supreme Court further explained that no principle of tribal self-government preempts the State's authority to prosecute; and that the Oklahoma Enabling Act does not preempt Oklahoma's authority to prosecute. Id. 142 S.Ct. at 2504.
¶5 Petitioner has not established that he is Indian. Therefore, pursuant to Castro-Huerta, the State of Oklahoma and the federal government have concurrent jurisdiction to prosecute Petitioner for the crime of lewd molestation. See State v. Ward, , ¶¶ 4-6, . (Castro-Huerta applied to cases pending on appeal before this Court). This proposition is denied.
¶6 In Proposition II, Petitioner argues that he should be allowed to withdraw the no contest plea because it was not entered knowingly, intelligently, and voluntarily but was made under duress and as the result of frustration, misunderstanding, misapprehension, and without deliberation.
¶7 This Court reviews a trial court's decision to deny the withdrawal of a plea for an abuse of discretion. Anderson v. State, , ¶ 4, , 767. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment. Neloms v. State, , ¶ 35, , 170.
¶8 On appeal, our primary concern in evaluating the validity of a guilty plea is whether the plea was entered voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238 (1969); Ocampo v. State, , ¶ 3, , 921. Petitioner has the burden of showing that the plea was entered unadvisedly, through ignorance, inadvertence, influence or without deliberation, and that there is a defense to present to the jury. Estell v. State, , ¶ 7, , 1383; Elmore v. State, , ¶ 8, , 80. The voluntariness of the plea is to be determined by examining the entire record. Cox v. State, , ¶ 28, , 254 (overruled on other grounds, State v. Vincent, , ).
¶9 At the hearing on Petitioner's motion to withdraw plea, Petitioner testified to being "blindsided" and "caught off guard" by the suggestion that he enter a plea because he had been adamant about going to trial to prove his innocence. He also testified that he had mental health issues he had not previously disclosed to counsel -- bipolar disorder and panic disorder. In regard to the plea proceedings, he said he had not been truthful with counsel when going over the plea form and he felt rushed and did not have adequate time to review the plea paperwork before signing it.
¶10 After listening to testimony from Petitioner, his father, and plea counsel, the trial court denied the motion to withdraw finding that Petitioner had not met his burden of showing his plea was not entered knowingly and voluntarily. The trial court stated that the motion was being denied in part because the judge had himself taken Petitioner's plea. The judge said he remembered Petitioner's demeanor in answering all of the questions from the completed Summary of Facts form, that he fully explained to Petitioner all of his rights, and that the plea was voluntarily entered.
¶11 A review of the plea hearing shows that a knowing and voluntary plea was entered. Petitioner told the court he understood all of the questions on the Summary of Facts form, voluntarily signed the plea form, that he was answering all questions truthfully and that he had not been threatened, coerced, or promised anything for entering the plea. He said he had not been treated for a mental illness and there was no medication he should have been taking. Plea counsel indicated he thought Petitioner was competent. The Summary of Facts form supports the trial court's finding of a knowing and voluntary plea.
¶12 Having thoroughly reviewed the record, we find the trial court did not abuse its discretion in denying the motion to withdraw the plea. The record shows a knowing and voluntary plea was entered. Petitioner has failed to establish the pleas were the result of either inadvertence, ignorance, influence, or lack of deliberation, and he has failed to allege any defense. This proposition is denied.
DECISION
¶13 The Petition for a Writ of Certiorari is DENIED. The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF CRAIG COUNTY
THE HONORABLE JOSEPH M. GARDNER,
ASSOCIATE DISTRICT JUDGE

APPEARANCES IN DISTRICT COURT 
DENNIS M. FAUBERT
3932 S. CINCINNATI AVE., STE G
TULSA, OK 74105
COUNSEL FOR THE DEFENSE
AT THE PLEA HEARING
JOHNNIE JAMES
177 W. DELAWARE AVE.
VINITA, OK 74301
COUNSEL FOR THE DEFENSE AT MOTION TO WITHDRAW
HEARING
MATT BALLARD
DISTRICT ATTORNEY
KALI STRAIN
ASST. DISTRICT ATTORNEY
200 S. LYNN RIGGS, 2ND FLOOR
CLAREMORE, OK 74017
COUNSEL FOR THE STATE AT THE PLEA PROCEEDINGS
 
OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur
MUSSEMAN, J: Concur

APPEARANCES ON APPEAL
RICKI J. WALTERSCHEID
OKLA. INDIGENT DEFENSE
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR PETITIONER
 
 

MIKE HUNTER
ATTORNEY GENERAL
OF OKLAHOMA
RANDALL YOUNG
ASST. ATTORNEY GENERAL
313 N.E. 21ST
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE 
FOOTNOTES
 Petitioner must serve 85% of his sentence in Count I before becoming eligible for consideration for parole. .
 Pursuant to McGirt, this Court remanded the case to the District Court where it was determined that Petitioner was not Indian, the minor victim had some contacts but was not registered with the Cherokee Nation until six days after the commission of the charged crimes, and the crimes occurred in Tahlequah, within the Cherokee Nation Reservation, which is an Indian Tribal Entity recognized by the federal government.
 In a supplemental brief tendered for filing, Petitioner acknowledges Castro-Huerta but argues it should be applied only prospectively. The State responds with an Objection to Petitioner's Motion for Leave to File Tendered Supplemental Brief, arguing that Petitioner's tendered brief does not comply with this Court's rules and should be denied; and even if this Court were to find Petitioner's argument proper for a supplemental briefing, Castro-Huerta itself forecloses Petitioner's argument. Petitioner's supplemental brief is accepted for filing and the State's Objection is denied. See Rule 3.4(F)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022).