JIMENEZ v. STATE
2024 OK CR 33
Case Number: C-2023-951
Decided: 12/05/2024
LUIS JIMENEZ, Petitioner v. STATE OF OKLAHOMA, Respondent
Cite as: 2024 OK CR 33, __ __

 

 

SUMMARY OPINION DENYING CERTIORARI

HUDSON, JUDGE:

¶1 On January 9, 2023, Petitioner, Luis Jimenez, entered a semi-blind plea of no contest in the District Court of Texas County, Case No. CF-2022-12, to Count 6: First Degree Rape, in violation of 21 O.S.2011, § 1114

¶2 On March 22, 2023, the matter came on for sentencing. After hearing the victim's prepared victim impact statement, and argument from both parties, Judge Parsley sentenced Jimenez to thirty-five years imprisonment, with all but the first twenty years suspended, plus a $1,000.00 fine. The trial court further imposed various costs and fees. Jimenez must serve 85% of his sentence before becoming eligible for parole consideration. 21 O.S.2011, § 13.1

¶3 On March 30, 2023, Jimenez, through plea counsel, Nathan McCaffrey, filed a timely application to withdraw his plea.

¶4 Jimenez now seeks a writ of certiorari raising two propositions of error each complaining of ineffective assistance of plea counsel. After thorough consideration of the entire record before us on appeal, including the original record, transcripts, and Jimenez's brief, we find that no relief is required under the law and evidence. Petitioner's Petition for Writ of Certiorari is DENIED.

¶5 Our review on certiorari is limited to two inquiries: (1) whether the plea was knowing and voluntary; and (2) whether the district court accepting the plea had jurisdiction. Lewis v. State, 2009 OK CR 30220 P.3d 1140Id. This Court reviews the denial of a motion to withdraw a guilty plea for an abuse of discretion. Anderson v. State, 2018 OK CR 13422 P.3d 765Neloms v. State, 2012 OK CR 7274 P.3d 161See Elmore v. State, 1981 OK CR 8624 P.2d 78

¶6 The standard for determining the validity of a plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Hopkins v. State, 1988 OK CR 257764 P.2d 215Brady v. United States, 397 U.S. 742, 755 (1970) (internal quotation omitted). We examine the entire record before us on appeal to determine the knowing and voluntary nature of the plea. Fields v. State, 1996 OK CR 35923 P.2d 624Champion v. State, 2020 OK CR 8461 P.3d 952see also Lozoya v. State, 1996 OK CR 55932 P.2d 22

¶7 We review Petitioner's two propositions of error together as he complains in each that he was denied the effective assistance of plea counsel. In Proposition I, Petitioner specifically argues plea counsel acted unreasonably when he failed to (1) effectively go through the plea paperwork with Petitioner; (2) confirm if Petitioner wanted a presentence investigation; (3) investigate any of the facts; and (4) present "any sort of mitigation" at the sentencing hearing. In Proposition II, Petitioner "incorporate[s] the facts and argument in Proposition I" and broadly argues that plea counsel failed to sufficiently provide Petitioner with a "full and accurate understanding of his options in the proceedings."

¶8 To prevail on an ineffective assistance of counsel claim, Petitioner must show both that counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Harrington v. Richter, 562 U.S. 86, 104 (2011) (discussing Strickland two-part standard). "This Court need not determine whether counsel's performance was deficient if the claim can be disposed of based on lack of prejudice." Taylor v. State, 2018 OK CR 6419 P.3d 265Strickland prejudice, in the guilty plea context, is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial." Champion, 2020 OK CR 8Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Petitioner fails to meet his burden of showing deficient performance and prejudice with any of his claims.

¶9 First, although the Plea of Guilty Summary of Facts form as completed has some notable deficiencies, the total record, including the plea colloquy and the testimony at the motion to withdraw hearing, shows Petitioner entered his plea knowingly, intelligently, and voluntarily. That Petitioner was not specifically asked whether he wanted a presentence investigation and report alone does not affect the validity of his plea. Sprigner v. State, 1976 OK CR 36546 P.2d 645Hill, 474 U.S. at 59. Petitioner thus fails to meet his burden of showing deficient performance and prejudice with this aspect of his claim.

¶10 Second, Title 22, Section 982 was complied with in this case. Section 982 no longer mandates that a presentence investigation be conducted for any offender pleading guilty or no contest to a violent felony "as part of or in exchange for a plea agreement." 22 O.S.Supp.2019, § 982may have a presentence investigation made . . . on each person charged with a violent felony offense and entering a plea . . . as part of or in exchange for a plea agreement." (emphasis added)). Compare 22 O.S.Supp.2017, § 982shall have a presentence investigation made . . . on each person charged with a violent felony offense and entering a plea . . . as part of or in exchange for a plea agreement." (emphasis added)). Thus, unless the district attorney directs that a presentence investigation be prepared pursuant to § 982(E), the preparation of a presentence investigation is entirely discretionary with the trial court under current Oklahoma law. 22 O.S.Supp.2019, § 982

¶11 Here, even though Petitioner's plea is referred to as a "semi-blind plea agreement" or a "partial plea agreement," the record clearly shows that his plea of no contest was entered "in exchange" for the dismissal of eleven felony counts, agreed to sentencing parameters for the remaining Count 6 charge, and a 60-day delay in sentencing. A presentence investigation was thus not mandated. The State specifically waived its right to obtain a presentence investigation; plea counsel did not ask that one be prepared; and Judge Parsley announced that he would not order one. Given the total circumstances of this case, including the parties' partial plea agreement, plea counsel's decision not to request a presentence investigation was a reasonable strategic choice.

¶12 Moreover, it is purely speculative whether the trial court would have granted a request by Petitioner for a presentence investigation, and if it had done so, whether the presentence report made would have contained mitigating information that would have resulted in the imposition of a lesser sentence. See Fulgham v. State, 2016 OK CR 30400 P.3d 775

¶13 Third and fourth, Petitioner's claims that plea counsel failed to sufficiently investigate the facts of this case and to present mitigation evidence at the sentencing hearing are each based on "assumptions and speculations" that are insufficient to show ineffective assistance of counsel. Fulgham, 2016 OK CR 30Strickland prejudice resulted through assumptions and speculation"). These aspects of Petitioner's claim thus fail.

¶14 Finally, we reject Petitioner's broad claim that he entered his plea "without the required full and accurate understanding of his options" due to plea counsel's deficient performance. The total record shows that Petitioner was fully aware of the direct, material consequences of entering his semi-blind no contest plea. See Brady, 397 U.S. at 755. Petitioner understood the remaining charge filed against him, the range of punishment he faced, the parameters of his partial plea agreement, was fully aware of the ramifications of pleading no contest and understood the permanent and binding nature of his plea. His plea represents a voluntary, knowing, and intelligent choice among the alternative courses of action open to him. Hopkins, 1988 OK CR 257

¶15 The record of the withdrawal hearing shows, at bottom, that Petitioner was dissatisfied with the sentence imposed. Petitioner's resulting dissatisfaction with his sentence, however, is not a sufficient ground for withdrawal of his plea. Champion, 2020 OK CR 8see also Lozoya, 1996 OK CR 55Fields, 1996 OK CR 35

¶16 Under the total circumstances presented here, Petitioner fails to show Judge Parsley's denial of the motion to withdraw was an abuse of discretion. See Pullen v. State, 2016 OK CR 18387 P.3d 922

DECISION

¶17 The Petition for Writ of Certiorari is DENIED. The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM 
THE DISTRICT COURT OF TEXAS COUNTY
THE HONORABLE JON K. PARSLEY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES BELOW

 NATHAN McCAFFREY
 ATTORNEY AT LAW
 112 NORTHEAST 4TH
 P.O. BOX 1739
 GUYMON, OK 73942
 COUNSEL FOR DEFENDANT
 (PLEA)
 
 
 APPEARANCES ON APPEAL

 RYAN K. LOEWENSTERN
 ANDREW M. CASEY
 HENDRICK CASEY &
 HUTTER, PLLC
 428 DEAN A. MCGEE AVE.
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR PETITIONER
 
 
 
 
 RYAN K. LOEWENSTERN
 ANDREW M. CASEY
 HENDRICK CASEY &
 HUTTER, PLLC
 428 DEAN A. MCGEE AVE.
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT
 (MOTION TO WITHDRAW)

 BUDDY LEACH
 DISTRICT ATTORNEY
 TAOS SMITH
 ASST. DISTRICT ATTORNEY
 319 N. MAIN STREET, #103
 GUYMON, OK 73942
 COUNSEL FOR THE STATE
 
 
 NO RESPONSE FROM THE STATE
 
 
 

 

OPINION BY: HUDSON, J.
ROWLAND, P.J.: CONCUR
MUSSEMAN, V.P.J: CONCUR IN RESULT
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR

FOOTNOTES